**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ERIC M. STAHL (State Bar No. 292637)
  ericstahl@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com

Attorneys for Defendant
ELITE DAILY, INC. (erroneously sued as ELITE
DAILY, LLC)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>ELITE DAILY, LLC, et al.,<br><br>          Defendants. | Case No. **2:15-cv-01996-DMG-JEM**<br>Assigned to the Hon. John E. McDermott for discovery.<br><br>**\*REDACTED\***<br><br>**DISCOVERY MATTER**:<br>**JOINT STIPULATION REGARDING MOTION TO COMPEL**<br><br>**[FRCP 37 and Local Rule 37-2]**<br><br>Hearing Date: October 6, 2015<br>Time:          10:00 a.m.<br>Courtroom:   C – 8th Floor<br><br>Pre-Trial Conf.:      May 31, 2016<br>Trial Date:          June 28, 2016<br>Discovery Cut-Off:  February 23, 2016<br><br>Action Filed:      March 18, 2015 |

# TABLE OF CONTENTS

Page

I.   INTRODUCTORY STATEMENTS ................................................. 1

   A.   Elite Daily's Introductory Statement................................. 1

      1.   Nature of the Case and Dispute................................. 1

      2.   Procedural History ................................................ 2

   B.   Plaintiff's Introductory Statement. ................................. 4

II.  ISSUES IN DISPUTE RELATED TO ELITE DAILY'S REQUESTS FOR PRODUCTION................................................................ 6

   A.   Elite Daily's Request for Production No. 4........................ 6

      1.   Elite Daily's Contentions ...................................... 6

      2.   Plaintiff's Contentions ......................................... 8

   B.   Elite Daily's Request for Production No. 7........................ 9

      1.   Elite Daily's Contentions ...................................... 9

      2.   Plaintiff's Contentions ......................................... 12

   C.   Elite Daily's Requests for Production Nos. 8 and 9............ 13

      1.   Elite Daily's Contentions ...................................... 13

      2.   Plaintiff's Contentions ......................................... 15

   D.   Elite Daily's Requests for Production No. 12. ................... 16

      1.   Elite Daily's Contentions ...................................... 17

      2.   Plaintiff's Contentions ......................................... 18

   E.   Elite Daily's Request for Productions Nos. 13 through 15............... 19

      1.   Elite Daily's Contentions ...................................... 20

      2.   Plaintiff's Contentions ......................................... 21

   F.   Elite Daily's Request for Production No. 16..................... 22

      1.   Elite Daily's Contentions ...................................... 23

      2.   Plaintiff's Contentions ......................................... 24

   G.   Elite Daily's Request for Production Nos. 17 and 18. ...................... 24

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

   1.  Elite Daily's Contentions ....................................................... 25

   2.  Plaintiff's Contentions ......................................................... 27

III. ISSUES IN DISPUTE RELATED TO ELITE DAILY'S
INTERROGATORIES. ................................................................... 27

 A. Elite Daily's Interrogatory Nos. 2 and 3. ........................................ 27

   1.  Elite Daily's Contentions ....................................................... 29

   2.  Plaintiff's Contentions ......................................................... 31

 B. Elite Daily's Interrogatory No. 4 .................................................. 32

   1.  Elite Daily's Contentions ....................................................... 32

   2.  Plaintiff's Contentions ......................................................... 33

 C. Elite Daily's Interrogatory Nos. 5 through 8 ..................................... 34

   1.  Elite Daily's Contentions ....................................................... 39

   2.  Plaintiff's Contentions ......................................................... 40

IV. SANCTIONS SHOULD BE GRANTED TO PLAINTIFF ......................... 42

JOINT STIPULATION RE: MOTION TO COMPEL
DWT 27841612v2 0049264-000043

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant Elite Daily, Inc. (erroneously sued as Elite Daily, LLC) ("Elite Daily") and Plaintiff Peter Menzel ("Plaintiff") submit this joint stipulation pursuant to Local Rule 37-2 in connection with Elite Daily's Motion to Compel.

## I.      INTRODUCTORY STATEMENTS

### A.      Elite Daily's Introductory Statement.

#### 1.      Nature of the Case and Dispute

Plaintiff is a freelance photojournalist who alleges he created, and owns the copyright in, certain photographs at issue in this litigation (the "Photographs").  The Photographs, along with hundreds of other images not at issue in this case, were registered for copyright as a single collection and published in a book entitled, "*What I Eat: Around the World in 80 Diets*" (the "Subject Book").

Elite Daily operates a website that publishes news, entertainment and other content of interest to "Generation Y."  This lawsuit arises from its publication of a news article in April 2014 that commented on the Subject Book and some of the Photographs (which previously had been widely disseminated on the Internet).  The article credited the Photographs as originating with Plaintiff; directed readers to the Subject Book; and linked to Plaintiff's website and a video about him.  Plaintiff claims Elite Daily infringed his copyright in the Photographs, and removed "copyright management information" from a few unspecified Photographs in violation of the Digital Millennium Copyright Act ("DMCA").  Plaintiff seeks either actual or statutory damages as provided by the Copyright Act and DMCA.

Elite Daily served tailored discovery directed to Plaintiff's alleged ownership of the Photographs, and his damages claims.  Plaintiff largely disregarded his obligation to respond, serving only boilerplate objections to each request, along with evasive assertions that the interrogatories would be answered by his production of documents.  But until Elite Daily threatened to bring this motion to compel, Plaintiff did not even produce a single document – not even copyright registration information for the work at issue.  Weeks later, he still refuses to produce plainly relevant

JOINT STIPULATION RE: MOTION TO COMPEL
DWT 27841612v2 0049264-000043

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

documents he admits he possesses; and the documents that he finally did provide do not answer Elite Daily's interrogatories.

### 2.   Procedural History

On July 1, 2015, Elite Daily served 19 Requests for Production ("RFPs") on Plaintiff. On July 2, it served 10 Interrogatories. See Declaration of Eric M. Stahl ("Stahl Decl.") ¶ 3. The deadline for responses was July 31 for the RFPs and August 3 for the Interrogatories. On July 6, Elite Daily agreed to extend the deadlines by four days, on the condition that Plaintiff would provide "substantive responses" by the extended deadline. Id. ¶ 4.[1] Plaintiff's counsel agreed to this in writing. Id. & Ex. B.

On August 4, Plaintiff provided written responses to the Interrogatories and RFPs. Id. ¶ 5. But he produced no documents, and his Interrogatory answers were non-responsive and evasive. Id. After inquiries from Elite Daily, Plaintiff's counsel on August 6 stated he would produce documents 13 days after the written responses, because that allegedly was how long Elite Daily took to complete its production in response to Plaintiff's extensive requests. Id. ¶ 6 & Ex. C. No authority justifies this tit-for-tat delay,[2] and in any case, Plaintiff's alleged rationale was based on a false premise. In fact, Defendant began producing documents informally at Plaintiff's request even before formal discovery, and continued to provide documents on a rolling basis until its production was complete. Id. ¶ 6. But even after his unilateral 13-day extension had passed, Plaintiff still produced no documents. Id. ¶ 8.

_____

[1] This was the condition Plaintiff imposed on Elite Daily before agreeing to a four-day extension for Elite Daily to respond to Plaintiff's discovery requests. Stahl Decl. ¶ 4. Unlike Plaintiff, however, Elite Daily provided substantive responses to all the written discovery served on it.

[2] Plaintiff brought this suit with no notice to Elite Daily, filing the Complaint nearly a year after the publication at issue. Presumably, as required by Rule 11, his lawyers verified before filing that Plaintiff had a registered copyright in the Subject Book – such that his delay in producing registration information was clearly deliberate.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

On August 14, 2015, Elite Daily sent a Local Rule 37-1 letter to Plaintiff's counsel outlining Plaintiff's deficient discovery responses. Id. ¶ 7 & Ex. D. Plaintiff's counsel did not respond to Elite Daily's request to meet and confer until August 19, and then stated that he would only be available to confer by telephone on August 24 – the last possible day for the mandatory conference required by LR 37-1. Id. Despite repeated promises that responsive documents would be provided before the conference of counsel, Plaintiff did not produce a single document. Id. ¶ 8.

During the mandatory conference of counsel on August 24, 2015, Plaintiff's counsel asserted he had mailed documents responsive to Elite Daily's RFPs by regular mail that day. Id. ¶ 9. He could not answer questions about what the production contained (and the little information he did provide turned out to be largely inaccurate). When Elite Daily pressed for a quicker response, the documents finally were emailed the next day, August 25. Id. That production, which Plaintiff's counsel had said was "500 pages," did contain 485 pages – but almost all of them are copies of photographs that are not at issue. The few responsive documents are incomplete and inappropriately redacted, and did not correspond with what Plaintiff's counsel claimed he would provide. Id. ¶¶ 9-12.

During the August 24 telephone conference, Plaintiff's counsel also asserted he would supplement certain Interrogatory responses and his document production. Id. ¶ 10g, Ex. E. But no additional documents have been produced.[3] Plaintiff served supplemental Interrogatory answers on September 1 but, as detailed below, they do not resolve the deficiencies. Plaintiff's counsel also has asserted that his document production would contain information answering all of Elite Daily's interrogatories about licensing of the Photographs and all revenues generated from any such licenses. But as detailed below, this also proved false: the six heavily redacted pages

---

[3] Plaintiff's counsel did have time to take Elite Daily's Rule 30(b)(6) deposition on August 27, however – with a second lawyer sitting in the entire day, doing nothing but observing the deposition (which was videotaped).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

provided on that subject do not respond to the interrogatories.  Indeed, the production did not include a single license agreement, and no information indicating the amount Plaintiff actually received (if any) from any licensing of the Photographs.

Because the parties were unable to resolve the disputes related to the requests and interrogatories, Elite Daily asks this Court to compel Plaintiff to supplement his responses to Elite Daily's RFPs Nos. 4, 7-9, 13-18, and Elite Daily's Interrogatories 2-8, within five business days of the Court's ruling on this motion.

**B.     Plaintiff's Introductory Statement.**

This is a clear-cut case of willful copyright infringement. At deposition, Elite Daily admitted that it had carefully selected a number of Plaintiff's photographs from different web sites (the person most knowledgeable could not name all of these sites), removed the Plaintiff's copyright notice from certain of the photographs, and created an article incorporating those photographs that it published on its website and shared across social media. Given the clear-cut nature of the infringement, Defendant attempts to manufacture a discovery dispute where none exists, and does so by raising this issue at a time when it knows that Plaintiff's counsel if out of the country. Its attempt should fail, and sanctions should issue.

Plaintiff served its discovery requests on Elite Daily on June 2, 2015. Declaration of Scott A. Burroughs ("Burroughs Decl.") ¶ 3, Ex. 1. Plaintiff agreed to an extension on Defendant's time to respond, and accepted a rolling document production from Defendants. Id. To date, there are numerous issues with Defendant's responses, but Plaintiff continues to attempt to work those out informally in order to avoid motion practice. Id. In ongoing discussions regarding discovery, Plaintiff's counsel advised Defendant's counsel that he was going to be out of the country from September 2nd to the 14th. Id. at ¶ 4.

Defendant served its discovery requests four weeks after Plaintiff served its requests. Id. at ¶ 5, Ex. 2. Plaintiff produced timely written responses and 485 pages of documents. Id. at ¶ 5, Ex. 3. The documents were mailed given the size of the

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

files, and, as a professional courtesy, Plaintiff also emailed the documents after breaking them into multiple separate emails to accommodate the size of the files. Id. at ¶ 6.

During the meet and confer call, Plaintiff agreed to produce additional documents and supplement its responses.[4] Id. at ¶ 7. Plaintiff asked for a reasonable time to do so, but Defendant refused to provide a date by which supplementation could be made, stating that it would be proceeding with its motion immediately. Id. at ¶ 7, Ex. 4. Plaintiff noted that the discovery cut-off was not until February of 2016 and noted that an immediate filing did not seem to comply with U.S.D.C. L.R 37-1, but Defendant was undeterred. Id.

Plaintiff indeed provided supplemental discovery responses, and indicated it was in the process of compiling additional material. Id. at ¶ 10, Ex. 5. The very next day, after the close of business, Defendant served this joint stipulation. Id. at ¶ 11, Ex. 6. Plaintiff's counsel, from outside the country, emailed defense counsel to note that they had served the joint stipulation with knowledge that he was out of the country, and requested that his response date be extended to September 14th, the day he returned from abroad. Id. Despite a discovery cut-off in February 2016, defense counsel refused the request for an extension. Id.

There is no true discovery dispute. Defendant's motion should be denied and sanctions should be issued against Defendant for failing to comply with L.R. 37-1,

---

[4] The only issue that remained was the name of certain licensors that had been redacted out of privacy concerns for third parties. Burroughs Decl., ¶ 9. Plaintiff noted that these licensors, publications such as Time Magazine, had an interest in keeping confidential the amount of money it pays to license photographs. Id. That notwithstanding, Plaintiff asked Defendant to review the licenses and respond to advise if it still wanted to have the names, at which point Plaintiff would contact the licensors to provide notice and attempt to gain authorization. Id. No response was ever received by Plaintiff. Id.

JOINT STIPULATION RE: MOTION TO COMPEL
DWT 27841612v2 0049264-000043

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

serving this motion at a time when it knew Plaintiff's counsel was out of the country, and creating unnecessary burden and expense.

## II.   ISSUES IN DISPUTE RELATED TO ELITE DAILY'S REQUESTS FOR PRODUCTION.

**A.     Elite Daily's Request for Production No. 4.**

REQUEST FOR PRODUCTION NO. 4:

A copy of all deposits of the PHOTOGRAPHS and the SUBJECT BOOK submitted to the Copyright Office.

RESPONSE TO REQUEST NO. 4:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous generally and as to "deposits." Plaintiff further objects to this request as unduly burdensome, equally available to requesting party, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver: Plaintiff does not have the deposit in its possession, custody, or control. Plaintiff will produce the PHOTOGRAPHS and the SUBJECT BOOK for in-person inspection upon reasonable notice. Discovery is ongoing; right to supplement reserved.

### 1.     Elite Daily's Contentions

Plaintiff's lawsuit alleges Elite Daily infringed his copyright in the Photographs. Dkt. No. 1 ("Complaint") pp. 6-8. This request seeks copyright registration information to determine whether Plaintiff has a valid copyright in the Photographs, whether he complied with the Copyright Act's deposit requirement (17 U.S.C. § 407), and if so, the manner in which the work(s) were deposited (e.g., individually, as part of a single compilation, or otherwise). These facts are directly relevant to Plaintiff's claim of ownership, id., and to the calculation of statutory damages, if any, that Plaintiff is eligible to recover. See 17 U.S.C. §504(c)(1) (copyright owner may receive a separate statutory damages award for each work, but "all the parts of a compilation or derivative work constitute one work.").

6

JOINT STIPULATION RE: MOTION TO COMPEL
DWT 27841612v2 0049264-000043

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's purported "response" – an offer to make copies of the Photographs and Subject Book available for inspection – was wholly non-responsive.  The answer does not address whether Plaintiff complied with the statutory deposit requirement, and, if so, the manner in which these works were deposited.  If the Subject Book and Photographs were never deposited, such that there are no responsive documents, the response must say so; otherwise, the responsive documents should have been produced.

After unreasonably delaying his production, Plaintiff finally provided a document containing several hundred notations of what appear to be image file names (e.g., "AUS_040203_066_xxw.jpg.").  Stahl Decl. ¶ 10, Ex. F.  The document contains a handwritten notation "© in D.C. registered on-line."  He also produced several hundred pages containing unnamed images, only some of which include the Photographs at issue in this lawsuit.  Id. ¶ 11.  But it is unclear whether these documents are the actual statutory deposit; simply internal records held by Plaintiff; or something else.  Plaintiff should be ordered to supplement his response to RFP No. 4 to clarify whether he has responsive documents, and if so, to provide those documents in accordance with the Rules.

Although Plaintiff's counsel claimed during the conference that no "privileged" documents were being withheld (Stahl Decl. ¶ 10(a)), the responses to RFP No. 4 nonetheless included privilege objections, but no privilege log.  Plaintiff's other objections – which remarkably includes an objection of "relevance" – have no merit.  The requested documents plainly are relevant, for reasons stated above.

Similarly, Plaintiff's other boilerplate objections serve only to obstruct discovery.  Marti v. Baires, 2012 U.S. Dist. LEXIS 77962, *19 (E.D. Cal., June 5, 2012).  For example, a party objecting to a request as vague and/or ambiguous has the burden of showing how the request is vague and/or ambiguous, by demonstrating that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases."  Thomas v. Cate, 715 F. Supp. 2d 1012,

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1030 (E.D. Cal. 2010).  Indeed, "party properly objecting to an objection on the grounds of vagueness must explain the particular ways in which a request is vague." Id. (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)). But Plaintiff failed to provide any basis for his objections, nor could he:  the term objected to, "deposits," can be easily understood using common sense, particularly in the context of this lawsuit.  Plaintiff brought this action under the Copyright Act, which requires the owner to "deposit" copies of any work to obtain registration of the copyright.  See 17 U.S.C. § 407(a) ("the owner of copyright ... shall deposit, within three months after the date of such publication ... two complete copies of the best edition.").

Plaintiff's boilerplate objection that the Request is "burdensome" similarly is without merit.  A party seeking to oppose discovery by claiming that a request is overbroad, burdensome, or oppressive must state specific facts to substantiate its objection.  Johnson & Johnson v. R.E. Serv. Co., 2004 U.S. Dist. LEXIS 26973, at *4-5 (N.D. Cal. Nov. 2, 2004).  Conclusory recitations of expense and burdensomeness are insufficient.  Bible v. Rio Props., Inc., 246 F.R.D. 614, 619 (C.D. Cal. 2007) (citing Panola Land Buyers Assn v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)).  This request seeks the deposit copies of the Photographs and Subject Book, the very works at issue in this lawsuit.  Plaintiff has no factual basis for his objection.

Elite Daily asks this Court to compel Plaintiff to supplement his response to RFP No. 4 to state whether or not he has any responsive documents; to produce all responsive documents; and to identify the documents he is producing in response to this Request.  Gorton v. Bick, 2010 U.S. Dist. LEXIS 107783, at *6 (E.D. Cal. Sept. 27, 2010).

## 2.    Plaintiff's Contentions

This is not in dispute. First, copyright registration deposit material is, by definition, deposited with the Copyright Office. As such it is impossible to provide

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that material to the Defendant. But, Menzel produced copies of the deposit material, an itemized list of the deposit material, and the deposit receipt. Specifically, Menzel has produced the copyright registration for the Photographs (MENZEL000025), correspondence with the U.S. Copyright Office detailing the exact files deposited (MENZEL000027-MENZEL000030), and has further provided images of every deposit copy for the Photographs (MENZEL000031-MENZEL000392). Burroughs Decl., ¶ 12, Ex. 7. There is no dispute that a full production has been made, and the motion should be denied as to this issue.

**B.     Elite Daily's Request for Production No. 7.**

REQUEST NO. 7:

All DOCUMENTS RELATED TO any copyright notice or any copyright management information published on or in connection with the PHOTOGRAPHS.

RESPONSE TO REQUEST NO. 7:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous. Without waiver: Plaintiff will produce nonprivileged responsive documents in his possession, custody or control sufficient to reflect the types of copyright notice and copyright management information Plaintiff utilized in connection with the PHOTOGRAPHS. Discovery is ongoing; right to supplement reserved.

**1.     Elite Daily's Contentions**

Plaintiff's lawsuit accuses Elite Daily of violating the DMCA by removing or altering "copyright management information" ("CMI") in the Photographs. See Compl. at pp. 9-10. The Complaint, however, neither identifies the CMI at issue nor specifies the factual basis for the claim. The purpose of RFP No. 7 is to determine what, if any, CMI is claimed to be associated with the Photographs, so that Elite Daily can fully discern the basis for, and defend against, this DMCA claim.

CMI is defined by statute as specific types of "information conveyed in

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  connection with copies … of a work," including (among other things) "the
2  information set forth on a notice of copyright," identifying information about the
3  author or copyright owner, and terms and conditions for use of the work.  17 U.S.C.
4  § 1202(c)(1)-(8).  Elite Daily seeks to discover what, if any, CMI Plaintiff claims to
5  have has conveyed in connection with the Photographs.  Without this information,
6  Elite Daily is left to guess the basis for Plaintiff's claim that it "intentionally
7  remov[ed] and/or alter[ed] the copyright management information on the copy of at
8  least one of the" Photographs. Compl. ¶ 30.
9        RFP No. 7 also seeks any copyright notices published in connection with the
10  Photographs.  This information is discoverable for three independent reasons.  First,
11  by definition a copyright notice is a form of "CMI," and thus is relevant to Plaintiff's
12  DMCA claims for all the reasons set forth above.  See 17 U.S.C. § 1202(c)(1).
13  Second, certain evidentiary presumptions regarding a copyrighted work depends on
14  whether the work contains a proper copyright notice.  See, e.g., 17 U.S.C. § 401(d)
15  (mitigation of damages based on "innocent infringement" permitted unless copyright
16  notice meeting all statutory formalities is present).  Third, placement of the copyright
17  notice may indicate that a work is a "collective work," such as a compilation.
18  17 U.S.C. § 404(a) (copyright notice on collective works); 17 U.S.C. § 101
19  (compilations are a form of collective work).  This, in turn, is relevant to the
20  calculation of statutory damages, if any, that Plaintiff is eligible to recover.  See
21  17 U.S.C. §504(c)(1) (copyright owner may receive a separate statutory damages
22  award for each work, but "all the parts of a compilation … constitute one work.").
23  For all the foregoing reasons, the request unquestionably seeks discoverable
24  information.
25        Plaintiff's "response" to RFP No. 7 states he will provide "documents
26  sufficient to reflect the types of" notices and CMI used in connection with the
27  Photographs.  But there is no basis for limiting this response to "types of" notice, or
28  for refusing to provide all responsive documents.  Elite Daily is entitled to all

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  responsive documents.  But Plaintiff has not provided <u>any</u> information responsive to
2  this highly relevant request – even the documents his responses say will be produced.
3  Stahl Decl. ¶¶ 10(d), 12.  Plaintiff's counsel stated that he would supplement his
4  production to respond to this request, but has failed to do so.  <u>Id.</u> ¶ 15.

5      Finally, Plaintiff has not asserted any viable objections.  Although Plaintiff's
6  counsel claimed during the mandatory conference of counsel that no "privileged"
7  documents were being withheld, the responses to RFP No. 7 nonetheless included
8  privilege objections, but no privilege log.

9      Plaintiff also objects that the request seeks "trade secrets," but this lacks any
10 support.  Plaintiff cannot claim simultaneously that Elite Daily "intentionally"
11 removed CMI (as required to assert a DMCA violation, 17 U.S.C. § 1202), and also
12 claim that the CMI is a "secret."  <u>See</u> Cal. Civ. Code § 3246.1(d)(2) (to qualify as
13 trade secret, information must be "subject to efforts … to maintain its secrecy").
14 Second, the requested CMI is not secret: by definition it is nothing more than
15 identifying information about an author, work, or copyright owner.  Moreover, RFP
16 No. 7 seeks only CMI that was "published" in connection with the photographs.  17
17 U.S.C. § 1202(c).  Third, even if the CMI or copyright notice were a trade secret,
18 Plaintiff has not met his burden to show "disclosure would be harmful to the party's
19 interest in the property."  Fed. R. Civ. P. 26(c)(7); <u>Hill v. Eddie Bauer</u>, 242 F.R.D.
20 556, 561 (C.D. Cal. 2007).

21     Plaintiff's other boilerplate objections have no merit, and serve only to
22 obstruct discovery.  <u>Marti</u>, 2012 U.S. Dist. LEXIS 77962, *19.  A party seeking to
23 oppose discovery by claiming that a request is "overbroad" must state specific <u>facts</u>
24 to substantiate its objection.  <u>Johnson & Johnson</u>, 2004 U.S. Dist. LEXIS 26973, at
25 *4-5.  This request seeks CMI and copyright notice(s) published in connection with
26 the Photographs, which are the very works at issue in this lawsuit, and which form
27 the basis for one of his two causes of action in the lawsuit.  The requested material, if
28 it exists, is plainly in Plaintiff's possession.  He has no factual basis for his objection.

11

JOINT STIPULATION RE: MOTION TO COMPEL
DWT 27841612v2 0049264-000043

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Similarly, a party objecting to a request as vague and/or ambiguous has the

2  burden of showing how the request is vague and/or ambiguous, by demonstrating that

3  "more tools beyond mere reason and common sense are necessary to attribute

4  ordinary definitions to terms and phrases." Thomas, 715 F. Supp. 2d at 1030.

5  Indeed, "party properly objecting to an objection on the grounds of vagueness must

6  explain the particular ways in which a request is vague." Id.  Here, Plaintiff provides

7  no basis for his objections, nor could he: the terms "copyright notice" and "copyright

8  management information" can be easily understood using with reference to the

9  Copyright Act. See 17 U.S.C. §§ 401 (copyright notice), 1202(c) (definition of

10  CMI).

11  Accordingly, Elite Daily asks this Court to compel Plaintiff to supplement his

12  response to RFP No. 7 to state whether or not he has any responsive documents; to

13  produce all responsive documents; and to identify the documents he is producing in

14  response to this Request.  If no such documents exist, Plaintiff should indicate the

15  nonexistence of any responsive documents. Gorton, 2010 U.S. Dist. LEXIS 107783,

16  at *6.

17  **2.      Plaintiff's Contentions**

18  Again, Elite Daily's request to compel a further document production should

19  be denied as moot. Menzel provided documents reflecting his use of CMI in

20  connection with the images at issue. Specifically, Menzel produced images of the

21  Photographs with CMI watermarks providing that the images are copyrighted by

22  Menzel (MENZEL000393-MENZEL000420) and exemplars of third-party uses of

23  the Photographs that include Menzel's CMI (MENZEL000421-MENZEL000479).

24  Burroughs Decl., ¶ 12, Ex. 7.

25

26

27

28

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.     Elite Daily's Requests for Production Nos. 8 and 9.**

REQUEST NO. 8:

ALL DOCUMENTS RELATED TO any and all grants of licenses, agreements, approvals, permissions, covenants not to sue, releases or conveyances of any nature concerning the PHOTOGRAPHS.

RESPONSE TO REQUEST NO. 8:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous; and invades the privacy rights of third parties.  Plaintiff further objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Discovery is ongoing; right to supplement reserved.

REQUEST NO. 9:

ALL DOCUMENTS RELATED TO any and all requests for licenses, agreements, approvals, permissions, covenants not to sue, releases or conveyances of any nature concerning the PHOTOGRAPHS.

RESPONSE TO REQUEST NO. 9:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous; and invades the privacy rights of third parties. Plaintiff further objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**1.     Elite Daily's Contentions**

These requests seek evidence of licenses and other permissions to use the Photographs at issue in this lawsuit.  There is no conceivable basis for Plaintiff to withhold this information.  Licensing history of the subject works (or the lack thereof), has a direct bearing on Plaintiff's claim for actual damages.  17 U.S.C.

13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

§ 504(b).  Elite Daily is entitled to discover whether there is a genuine market for the photographs and whether the allegedly infringing use had any economic value to Plaintiff.  See, e.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); Mackie v. Rieser, 296 F.3d 909, 916 (9th Cir. 2002) (noting that one measure of actual damages in a copyright case is "what a willing buyer would have been reasonably required to pay to a willing seller for the owner's work").  Elite Daily also is entitled to discover whether the works have been licensed individually or as a compilation, which is relevant to the measure of statutory damages.  17 U.S.C. § 504(c); Schiffer Publ'g, Ltd. v. Chronicle Books, 2005 WL 67077, at *3 (E.D. Pa. Jan. 11, 2005).

Plaintiff tacitly acknowledges the relevance of this information.  In his dilatory document production, Plaintiff provided six heavily redacted pages of what appear to be ████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████

None of Plaintiff's boilerplate objections excuses his failure to respond fully to this requested discovery.  First, licensing information is plainly relevant and highly discoverable, as noted above.  Second, Plaintiff's objections based on "trade secret" and "third-party privacy" are specious.  The identities of those who licensed the Photographs from Plaintiff – presumably, for public distribution of the images – is not protected trade secret information, nor is it a violation of their privacy rights to

14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  provide this information. ████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████████████████  Moreover, such bare assertions of privacy are not

4  a sufficient basis for withholding discoverable information. Marti, 2012 U.S. Dist.

5  LEXIS 77962, at *16.  Moreover, even if the licensing information was proprietary

6  or a trade secret, Plaintiff has not met his burden to show "disclosure would be

7  harmful to the party's interest in the property." Fed. R. Civ. P. 26(c)(7); Hill, 242

8  F.R.D. at 561.

9       Plaintiff's other boilerplate objections have no merit, and serve only to

10 obstruct discovery.  Marti, 2012 U.S. Dist. LEXIS 77962, *19.  Plaintiff has provided

11 no facts supporting his assertion that the request is overbroad, nor identified any term

12 that is vague or ambiguous.  Johnson & Johnson, 2004 U.S. Dist. LEXIS 26973, at

13 *4-5.  Thomas, 715 F. Supp. 2d at 1030.  Plaintiff's partial production shows he

14 understands perfectly well what documents are being requested; he has simply

15 refused to comply fully with his obligation to provide all responsive documents,

16 without redaction.

17      Accordingly, the Court should compel Plaintiff to supplement his response to

18 RFP Nos. 8 and 9, to remove the redactions from the documents produced to date; to

19 produce all responsive documents; and to identify the documents he is producing in

20 response to this Request.

21          **2.    Plaintiff's Contentions**

22      As with the above Requests, Elite Daily seeks to compel a further document

23 production despite Menzel producing sufficient documents responsive to these

24 Requests. ████████████████████████████████████████

25 ████████████████████████████████████████████████████████

26 ████████████████████████████████████████████

27 ████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ██████████████████████

4     Each purported justification for seeking an order compelling Menzel to

5 produce more documents is meritless. ████████████████████████

6 ████████████████████████████████████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████████

9 Thus, Elite Daily's inquiry of whether the works have been licensed individually or

10 as a compilation has been answered. Elite Daily's statement that there is no way to

11 determine if the invoices were actually paid is also disingenuous.

12 ████████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████ The publications have an interest in keeping this material

15 confidential and Menzel, in producing it, may harm his relationship with these

16 publications. That said, during the meet and confer, Plaintiff requested that

17 Defendant review the licenses and confirm that they wanted the licensees' names. Id.

18 at ¶ 9. If they did, Plaintiff requested that they so advise, at which point Plaintiff

19 would reach out to the particular publications to provide notice and attempt to obtain

20 authorization. Id.  Defense counsel failed to provide such notice. Id.

21     As Plaintiff has agreed to provide this information, there is no dispute and this

22 issue is moot.

23 **D.    Elite Daily's Requests for Production No. 12.**

24 REQUEST NO. 12:

25     All DOCUMENTS RELATED TO any instance in which the

26 PHOTOGRAPHS have been posted, published, displayed or otherwise used,

27 excluding the SUBJECT BOOK.

28 RESPONSE TO REQUEST NO. 12:

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous.  Plaintiff further objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver: Plaintiff will produce the PHOTOGRAPHS and SUBJECT BOOK for an in person inspection upon reasonable notice. Discovery is ongoing; right to supplement reserved.

## 1.    Elite Daily's Contentions

This request seeks all instances in which the Photographs have been published, other than in Plaintiff's book.  Other publications of the Photographs are relevant to Plaintiff's damages claim, to determine (among other things) the market for the Photographs and whether the allegedly infringing use had any economic value to Plaintiff.  Additionally, evidence of widespread unlicensed use of the Photographs is relevant to showing that any harm caused by Elite Daily's alleged use was minimal or non-existent.

Plaintiff's "response" – offering to allow Elite Daily to inspect the Subject Book and his Photographs – is disingenuous and completely non-responsive on its face.

At the mandatory conference of counsel, Plaintiff stated he would supplement this production if Elite Daily "wanted" him to, but that doing so would be costly. Stahl Decl. ¶ 10(c). This contention is absurd, and was clearly designed to dissuade Elite Daily from obtaining responses to its legitimate discovery, and/or justify the conduct of Plaintiff's counsel in running up the cost of this litigation.  There is no reason why it would be at all difficult or expensive to respond to this request: it only seeks documents in Plaintiff's possession, custody or control showing uses of the Photographs known to Plaintiff.  Elite Daily is not asking Plaintiff to scour the Internet for uses of which he is not aware, nor could a party ever be required to do research from third-party sources.  Plaintiff's counsel offered no reason whatsoever

17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

why producing the requested documents would be at all burdensome.  His supplemental response to Interrogatory No. 4 (seeking unlicensed uses of the Photographs, as discussed below) demonstrates he has responsive information, and it should be produced.

Plaintiff's objections also are meritless.  The response to RFP No. 12 includes a privilege objection, notwithstanding Plaintiff's counsel's representation at the mandatory conference that no documents were being withheld based on privilege, and his failure to produce a privilege log.  Stahl Decl. ¶ 10(a).  His stock "trade secrets" objection is entirely meritless: Plaintiff offers no evidence of any "effort … to maintain secrecy" of a third party's publication of the Photographs (Cal. Civ. Code § 3246.1(d)(2)), nor are instances in which the Photographs have been published by others inherently "secret."  Even if there was some "secret" third-party publication – which is highly unlikely – Plaintiff has not met his burden to show "disclosure would be harmful to the party's interest in the property."  Fed. R. Civ. P. 26(c)(7); <u>Hill</u>, 242 F.R.D. at 561.  Plaintiff's remaining objections are boilerplate that serve only to obstruct discovery.  He offers no basis (because none exists) for his objections that the request is overbroad, vague, or ambiguous.  <u>Marti</u>, 2012 U.S. Dist. LEXIS 77962, *19.

Accordingly, Elite Daily asks this Court to compel Plaintiff to supplement his response to RFP No. 12 to state whether or not he has any responsive documents; to produce all responsive documents; and to identify the documents he is producing in response to this Request.  If no such documents exist, Plaintiff should indicate the nonexistence.

### 2.     Plaintiff's Contentions

As discussed above, Menzel produced exemplars of third-party uses of the Photographs which provide attribution of the Photographs to Menzel (MENZEL000421-MENZEL000479). Burroughs Decl., ¶ 12, Ex. 7. And, during the meet and confer, Plaintiff's counsel noted that it would supplement to provide any

18

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

additional uses, but noted that it would take some time given the internet, server, and file research involved, and that such material would be produced when Plaintiff's counsel returned from abroad. Id. at ¶ 10.

And, Plaintiff provided a supplemental written response noting the sites of which it knew to have posted the material. Id. There is no dispute here.

**E.     Elite Daily's Request for Productions Nos. 13 through 15.**

REQUEST NO. 13:

All DOCUMENTS RELATED TO any damages YOU have claim to have suffered as a result of ELITE DAILY's alleged use of the PHOTOGRAPHS, including without limitation any lost income, sales, or license fees.

RESPONSE TO REQUEST NO. 13:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous; incomprehensible; and calling for expert opinion and data. Without waiver, Plaintiff will produce responsive documents.

REQUEST NO. 14:

All DOCUMENTS RELATED TO any damages YOU claim to have suffered as a result of ELITE DAILY's alleged removal of copyright management information from the PHOTOGRAPHS, including without limitation any lost income, sales, or license fees

RESPONSE TO REQUEST NO. 14:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous; incomprehensible; and calling for expert opinion and data. Without waiver, Plaintiff will produce responsive documents.

REQUEST NO. 15:

All DOCUMENTS RELATED TO any damages YOU claim to have suffered as a result of ELITE DAILY's alleged modification or alteration of copyright

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    management information from the PHOTOGRAPHS, including any lost income,

2    sales, or license fees.

3    RESPONSE TO REQUEST NO. 15:

4        Objections: seeks confidential information protected by attorney-client

5    privilege and attorney work product and/or trade secret doctrines; overbroad, vague

6    and ambiguous; incomprehensible; and calling for expert opinion and data. Without

7    waiver, Plaintiff will produce responsive documents.

8            **1.    Elite Daily's Contentions**

9        These requests seek specific documents that show the damages, if any, claimed

10   by Plaintiff from Elite Daily's alleged use of the Photographs or alleged removal or

11   modification of CMI from the Photographs.  Plaintiff does not object based on

12   relevance, nor could he:  the requested documents are undeniably discoverable,

13   because they relate directly to the claims he has alleged.  See Compl. at pp. 6-9.

14   Plaintiff stated at the mandatory conference of counsel that Plaintiff was producing

15   all documents in his possession, custody or control responsive to these requests.  Yet

16   Plaintiff has not produced any responsive documents related to his alleged damages.

17   Stahl Decl. ¶ 10(e), 12.

18       None of Plaintiff's objections to these Requests has merit.  Each of the

19   responses to RFP Nos. 13-15 includes a privilege objection, notwithstanding

20   Plaintiff's counsel's representation at the mandatory conference that no documents

21   were being withheld based on privilege, and his failure to produce a privilege log.

22   Stahl Decl. ¶ 10(a).  His trade secret objection is completely unsupported,.  Fed. R.

23   Civ. P. 26(c)(7); Hill, 242 F.R.D. 556, 561 (C.D. Cal. 2007).  Plaintiff's objection

24   that these requests call for "expert opinion or data" also is baseless.  Elite Daily has a

25   right to discover the underlying facts.  Sherwin-Williams Co. v. JB Collision Servs.,

26   Inc., 2014 WL 3388871, at *7 (S.D. Cal. July 9, 2014) ("While ultimate conclusions

27   or opinions qualify as expert discovery, the facts that the experts will rely on are facts

28   and shall be produced.").  To the extent Plaintiff has responsive documents reflecting

20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  expert opinion, it is discoverable under Fed. R. Civ. P. 26(a)(2).  Plaintiff's

2  remaining objections are boilerplate that serve only to obstruct discovery.  Marti,

3  2012 U.S. Dist. LEXIS 77962, *19.  There is nothing vague or ambiguous about the

4  requests; certainly, Plaintiff has not indicated he is unable to understand any of them.

5  Nor has he offered any basis (because none exists) for his objection that the requests

6  are overbroad.  Conclusory recitations of expense and burdensomeness are

7  insufficient to identify why a request is objectionable.  Bible, 246 F.R.D. at 619

8      Accordingly, Elite Daily asks this Court to compel Plaintiff to supplement his

9  response to RFP Nos. 13-15 to state whether or not he has any responsive documents;

10 to produce all responsive documents; and to identify the documents he is producing

11 in response to this Request.  If no such documents exist, Plaintiff should indicate the

12 nonexistence.  Gorton, 2010 U.S. Dist. LEXIS 107783, at *6.

13     **2.    Plaintiff's Contentions**

14     Menzel has produced the documentation in his possession, custody, or control

15 that he has thus far located. Menzel produced a license report and invoices reflecting

16 how much he earned from licensing the Photographs, and further provided a calculus

17 of damages as part of his Fed. R. Civ. P. initial disclosures. As noted in his response,

18 Menzel will rely on expert analysis to supplement his claim for damages, and the cut-

19 off for such disclosure is not until next year.

20     In addition, certain documents required to prove disgorgeable profits and

21 Menzel's lost profits are solely within the possession and control of Elite Daily. As a

22 result of Elite Daily's acts of infringement, Menzel may elect, as an alternative to

23 statutory damages, to recover both: (1) its actual damages suffered as a result of such

24 infringement, as well as (2) any profits reaped by the defendants attributable to the

25 infringement. 17 U.S.C. § 504(b); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d

26 700, 708 (9th Cir. 2004); *See also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,

27 772 F.2d 505, 512 n.5 (9th Cir.1985) (same). Actual damages are determined either

28 by the loss in the fair market value of the copyright, measured by the profits lost due

21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to the infringement *or* by the value of the use of the copyrighted work *to the infringer*. *Polar Bear Productions*, 384 F.3d 700 at 708 (quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003)) (emphasis added); *see also* Ninth Circuit Model Jury Instruction 17.13 "Copyright Interests – Derivative Works" ("[t]he reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work."). Data providing the extent of Menzel's lost profits due to Elite Daily's infringement, the value of the work to Elite Daily, and the amount of disgorgeable profits will all be found within Elite Daily's business records.

And, Plaintiff' counsel has repeatedly informed counsel for Elite Daily that Menzel will be seeking statutory damages at trial. Burroughs Decl., ¶ 14. Such damages are recoverable "whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984). And, violations of the Digital Millennium Copyright Act subject Elite Daily to further statutory damages of up to $25,000.00 per violation. 17 USC §1203.

Menzel has produced what he has been able to locate to date. This issue is moot.

**F.     Elite Daily's Request for Production No. 16.**

REQUEST NO. 16:

All DOCUMENTS RELATED TO COMMUNICATIONS between YOU and ELITE DAILY, including any cease and desist letters YOU may have sent to ELITE DAILY.

RESPONSE TO REQUEST NO. 16:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous. Furthermore, any such communication is also in the possession and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

control of Defendants. Without waiver: Plaintiff will produce all nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing right to supplement reserved.

### 1.   Elite Daily's Contentions

Request No. 16 seeks communications between Plaintiff and Elite Daily, including any cease and desist letters.  Plaintiff does not dispute that the request seeks discoverable information.  Among other things, the request is relevant because Plaintiff suggested he had sent some type of "notice of infringement" to Elite Daily prior to filing his complaint in this case, but Elite Daily has no record of ever hearing from Plaintiff or anyone acting on his behalf before the Complaint was filed.  Stahl Decl. ¶ 10(e).

During the mandatory conference of counsel, Plaintiff stated he was producing all documents in his possession, custody or control responsive to this request.  Id. But Plaintiff has failed to provide <u>any</u> responsive documents.  Id.  ¶ 12.   If Plaintiff has no documents responsive to RFP No. 16, he is required to say so.

Here, as with Plaintiff's other responses, the objections made are boilerplate and baseless.  For example, Plaintiff's response to RFP No. 16 again includes a privilege objections.  This objection is frivolous, given that the request seeks communications with Elite Daily.  In any case, Plaintiff has provided no privilege log, and has represented that he is not withholding any documents based on privilege. Stahl Decl. ¶ 10(a).

Plaintiff's trade secret objection also is completely frivolous.  Any communications Plaintiff had <u>with Elite Daily</u> cannot plausibly be a trade secret.

His remaining objections are boilerplate.  The request is not overbroad, vague, or ambiguous.  <u>Marti</u>, 2012 U.S. Dist. LEXIS 77962, *19.  His objection that any such communications are also in the possession of Elite Daily does not provide a basis for him to refuse disclosure.  <u>Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP</u>, 256 F.R.D. 678, 682 (C.D. Cal. 2009).

23

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Accordingly, Elite Daily asks this Court to compel Plaintiff to supplement his
2  response to RFP No. 16 to state whether or not he has any responsive documents; to
3  produce all responsive documents; and to identify the documents he is producing in
4  response to this Request.  If no such documents exist, Plaintiff should indicate the
5  nonexistence.  <u>Gorton</u>, 2010 U.S. Dist. LEXIS 107783, at *6.

**2.      Plaintiff's Contentions**

7  All correspondence between Plaintiff and Defendant have been sent by
8  Plaintiff's counsel to Defendant's counsel. Burroughs Decl., ¶ 8. As such, Defense
9  counsel have this correspondence in their possession and there is nothing left to
10  produce. If Defendants are requesting through this motion that all emails between
11  Plaintiff's and Defendant's counsel be produced, that request would be overbroad
12  and not narrowly tailored to lead to discoverable evidence.

13  **G.      Elite Daily's Request for Production Nos. 17 and 18.**

14  <u>REQUEST NO. 17:</u>

15  All DOCUMENTS RELATED TO any claims YOU have made to any third
16  party RELATED TO any alleged infringement of the PHOTOGRAPHS, including
17  but not limited to cease and desist letters and complaints.

18  <u>RESPONSE TO REQUEST NO. 17:</u>

19  Objections: seeks confidential information protected by attorney-client
20  privilege and attorney work product and/or trade secret doctrines; overbroad, vague
21  and ambiguous; and invades the privacy rights of third parties. Plaintiff further
22  objects to this request as unduly burdensome and not reasonably calculated to lead to
23  the discovery of admissible evidence. Discovery is ongoing; right to supplement
24  reserved.

25  <u>REQUEST NO. 18:</u>

26  All DOCUMENTS RELATED TO any revenues received in judgment or
27  settlement of any claim of infringement paid to YOU by third parties RELATED TO
28  the PHOTOGRAPHS.

24

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

RESPONSE TO REQUEST NO. 18:

Objections: seeks confidential information protected by attorney-client privilege and attorney work product and/or trade secret doctrines; overbroad, vague and ambiguous; and invades the privacy rights of third parties. Plaintiff further objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

### 1.  Elite Daily's Contentions

Request Nos. 17 and 18 seek to discover whether the Photographs at issue in this case have been the subject of other claims or litigation and, if so, how those claims were resolved.  Elite Daily unquestionably is entitled to this discovery.  A prior adjudication that Plaintiff does or does not own the copyright in the subject works, for example, would have a direct bearing on his standing in this lawsuit.  Similarly, any award or settlement of earlier infringement claims of the photographs would be relevant to the value of the works, and to the damages Plaintiff might have suffered as the result of any particular act of infringement.  In addition, a plaintiff's approach to litigation is a relevant factor in determining the appropriate amount of statutory damages.  See Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1122–25 (2d Cir. 1989) (award of statutory minimum justified due to vexatious tactics by plaintiff's counsel).

Even though these documents are highly relevant and Plaintiff has no basis for any objection, Plaintiff failed to produce any responsive documents.  Stahl ¶¶ 10(f), 12.  In fact, during the mandatory conference of counsel, Plaintiff's counsel could not say whether documents related to claims against third parties had been produced or not.  Only when documents were finally produced after the conference – and several weeks after they were due – did Elite Daily learn that no responsive documents had been provided.  Id.  Plaintiff's counsel represented after the conference that he would supplement his production in response to RFP Nos. 17 and 18, but no additional

documents have been produced.  Nor has Plaintiff supplemented his written responses which, as noted above, contain only objections (contrary to his post-conference representation that documents would be produced).

Once again, Plaintiff asserted baseless objections to these requests.  Although Plaintiff's counsel claimed during the conference that no "privileged" documents were being withheld (Stahl Decl. ¶ 10(a)), the responses to RFP Nos. 17 and 18 nonetheless include privilege objections, but no privilege log.  Plaintiff's other boilerplate objections – which remarkably includes an objection based on relevance – have no merit.  The requested documents plainly are relevant, for reasons stated above.  Plaintiff's other boilerplate objections have no merit, and serve only to obstruct discovery.  Marti, 2012 U.S. Dist. LEXIS 77962, *19.  A party seeking to oppose discovery by claiming that a request is burdensome or overbroad must state specific facts to substantiate its objection.  Johnson & Johnson, 2004 U.S. Dist. LEXIS 26973, at *4-5.  Conclusory recitations of expense and burdensomeness are insufficient to identify why a request is objectionable.  Bible, 246 F.R.D. at 619.  Here, the requests seek information that should be readily available to Plaintiff, if any responsive documents exist.

Similarly, a party objecting to a request as vague and/or ambiguous has the burden of showing how the request is vague and/or ambiguous, by demonstrating that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." Thomas, 715 F. Supp. 2d at 1030.  Indeed, "party properly objecting to an objection on the grounds of vagueness must explain the particular ways in which a request is vague." Id.  Here, Plaintiff provides no basis for his objections, nor could he; the requests are readily understood.  Plaintiff has also failed to provide any support for his objections based on trade secret; and even if he had, the protective order governing this case would address them. Hill, 242 F.R.D. at 562.

Accordingly, Elite Daily asks this Court to compel Plaintiff to supplement his

26

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

response to RFP No. 17 and 18 to state whether or not he has any responsive documents; to produce all responsive documents; and to identify the documents he is producing in response to this Request.  If no such documents exist, Plaintiff should indicate the nonexistence.  Gorton, 2010 U.S. Dist. LEXIS 107783, at *6.

### 2.   Plaintiff's Contentions

During the meet and confer, Plaintiff's counsel advised defense counsel that he would be providing this material, and has already provided the names of the other companies that Plaintiff claims to have used certain of his works without permission. Burroughs Decl., ¶¶ 7-8. 12. Ex. 7. The additional documents will be produced when Plaintiff's counsel is back from abroad, and well in advance of the February 2016 discovery cut-off. Id. at ¶ 8. This issue is moot.

### III.   ISSUES IN DISPUTE RELATED TO ELITE DAILY'S INTERROGATORIES.

### A.   Elite Daily's Interrogatory Nos. 2 and 3.

INTERROGATORY NO. 2:

IDENTIFY all LICENSES granted to any third party to use the PHOTOGRAPHS, including who granted the LICENSE and which PHOTOGRAPHS were licensed.

RESPONSE TO INTERROGATORY NO. 2:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, improperly seeking legal conclusions and/or expert testimony in advance of the date for the same, and invades the privacy rights of third parties.  Plaintiff further objects to this interrogatory as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver, Plaintiff will produce documents per FRCP 33(d) in response to this request. Discovery is ongoing, right to supplement reserved.

27

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, improperly seeking legal conclusions and/or expert testimony in advance of the date for the same, and invades the privacy rights of third parties. Plaintiff further objects to this interrogatory as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Plaintiff has produced documents per FRCP 33(d) in response to this request. Discovery is ongoing, right to supplement reserved.

INTERROGATORY NO. 3:

IDENTIFY the revenue generated or expected to be generated by each LICENSE granted to third parties for any use of the PHOTOGRAPHS.

RESPONSE TO INTERROGATORY NO. 3:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, improperly seeking legal conclusions and/or expert testimony in advance of the date for the same, and invades the privacy rights of third parties. Plaintiff further objects to this interrogatory as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Plaintiff will produce documents per FRCP 33(d) in response to this request. Discovery is ongoing, right to supplement reserved.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, improperly seeking legal conclusions and/or expert testimony in advance of the date for the same, and invades the privacy rights of third parties. Plaintiff further objects to this interrogatory as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Plaintiff

has produced documents per FRCP 33(d) in response to this request. Discovery is ongoing, right to supplement reserved.

### 1. Elite Daily's Contentions

Interrogatory Nos. 2 and 3 ask for Plaintiff to identity all licenses in the Photographs and all revenues generated from those licenses. This information is highly relevant and self-evidently discoverable: the licensing history of the subject Photographs (or lack thereof), has a direct bearing on Plaintiff's claim for actual damages and whether there is a market for the photographs. <u>See</u> 17 U.S.C. § 504(b); <u>Jarvis</u>, 486 F.3d 526; <u>Mackie</u>, 296 F.3d at 916; <u>see also</u> Elite Daily's Contentions Regarding RFP Nos. 8, 9, <u>supra</u>. Yet Plaintiff did not provide any substantive response to these Interrogatories.

Instead, Plaintiff claims, in his September 1 supplemental answers, that he "has produced documents per FRCP 33(d)." This "supplemental" response is still wholly inadequate.

First, Plaintiff has <u>not</u> "produced documents" that answer these interrogatories – even though, at the mandatory meeting of counsel, Plaintiff's counsel claimed that he was producing license agreements in the pending production that would answer these interrogatories. Stahl Decl. ¶ 10(b). In fact, as Elite Daily learned the day after the conference, when the documents were finally produced, Plaintiff failed to produce <u>a single license agreement</u>. <u>Id.</u> ¶ 14. Instead, his production contains two redacted page that appear to be ███████████████████████ ████████████████████████ But other information is redacted, and there is no way to tell ██████████████████████████████████████ █████████████████████████████████████████ ███████████████████ The only other relevant documents Plaintiff produced are █████████████████████████████████████████ █████████████████████████████████████████ █████████████████████████████████████████

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



Second, relying on business records to answer an interrogatory is permissible only if the response specifies the records to be reviewed, "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Plaintiff's responses to Interrogatory Nos. 2 and 3 do not come close to meeting this requirement; the supplemental responses state only that Plaintiff "has produced" responsive documents, but – as noted above – Elite Daily has not received any documents from which it could even identify the licenses or revenues derived from the photographs. Indeed, the response to Interrogatory No. 2 (seeking license agreements) is particularly baffling, given Plaintiff's stated refusal to produce license agreements for the photographs. See Responses to RFP Nos. 8, 9, supra.

At the mandatory meeting of counsel, Plaintiff's counsel again claimed that fully responding to these interrogatories – by providing evidence that any purported license fees had actually been remitted to Plaintiff – would be costly. Stahl Decl. ¶ 10(c) Ex. E, point 10. He could not explain why this would be the case, nor did he provide any valid reason to believe that providing proof of actual payment that Plaintiff received would be at all burdensome. In any case, proof of actual payment is highly relevant to establish whether any purported license of the Photographs was a bona fide transaction reflecting actual market value of the work. See Indep. Living Ctr. of S. California v City of Los Angeles, 296 F.R.D. 632, 637, n. 5 (C. D. Cal. 2013) (expense alone is not sufficient basis to prevent disclosure of discoverable information).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  None of Plaintiff's remaining boilerplate objections excuses his failure to
2  respond fully to these interrogatories. <u>Marti</u>, 2012 U.S. Dist. LEXIS 77962, *19. He
3  asserts a privilege objection, notwithstanding that Plaintiff's counsel claimed during
4  the mandatory conference of counsel that no "privileged" documents were being
5  withheld, and no privilege log has been provided. Stahl Decl. ¶ 10(a). Plaintiff has
6  provided no fact supporting his assertion that the request is overbroad, nor identified
7  any term that is vague or ambiguous. <u>Johnson & Johnson</u>, 2004 U.S. Dist. LEXIS
8  26973, at *4-5. <u>Thomas</u>, 715 F. Supp. 2d at 1030. And his contention that these
9  interrogatories call for "expert testimony" is baseless: the interrogatories do not seek
10 any such testimony, and even if they did, Elite Daily has a right to discover the
11 underlying facts. <u>Sherwin-Williams Co</u>, 2014 WL 3388871, at *7

12      Elite Daily asks this Court to compel Plaintiff to supplement his response to
13 Interrogatory Nos. 2 and 3, to provide complete and responsive answers.

14      **2.      Plaintiff's Contentions**

15      Menzel produced documents reflecting all information sought in this
16 Interrogatory. ████████████████████████████████████
17 ███████████████████████████████████████
18 ███████████████████████████████████████
19 ███████████████████████████████████████
20 ███████████████████████████████████████
21 ███████████████████████████████████████
22 ████████████████████████Elite Daily's statement that no documents
23 sufficient to determine Menzel's licensing of the Photographs is demonstrably false.
24 The only remaining issues are the names of the licensors (which Plaintiff had
25 requested Defendant to confirm it still wanted so that Plaintiff could contact the
26 licensors and provide notice and attempt to gain permission). Id. at ¶ 9. Plaintiff
27 agreed to produce documentation that provides this answer, and has. It also agreed to
28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 produce evidence that the amounts in the licenses had actually been paid. There is no

2 dispute.

3 **B.     Elite Daily's Interrogatory No. 4.**

4 INTERROGATORY NO. 4:

5 IDENTIFY all instances in which the PHOTOGRAPHS were used without a

6 LICENSE.

7 RESPONSE TO INTERROGATORY NO. 4:

8 Objections: calling for attorney-client communication, attorney work product,

9 privileged, and proprietary information, compound, overbroad, vague and

10 ambiguous. Plaintiff further objects to this interrogatory as unduly burdensome and

11 not reasonably calculated to lead to the discovery of admissible evidence. Without

12 waiver: Unauthorized use of the PHOTOGRAPHS includes such use by Elite Daily,

13 Inc. in the website post at issue in this action. Discovery is ongoing, right to

14 supplement reserved.

15 SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

16 Objections: calling for attorney-client communication, attorney work product,

17 privileged, and proprietary information, compound, overbroad, vague and

18 ambiguous. Plaintiff further objects to this interrogatory as unduly burdensome and

19 not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

20 further objects to this interrogatory as seeking information equally available to Elite

21 Daily. Without waiver: unauthorized uses of the PHOTOGRAPHS include that by

22 Elite Daily, Urban Times, Viralnova, Foodbeast, Clicksharedaily, Distractify,

23 Blazepress, and Visual News. Discovery is ongoing, right to supplement reserved.

24 **1.     Elite Daily's Contentions**

25 This Interrogatory seeks information related to unlicensed uses of the

26 Photographs.  Such uses are relevant to Plaintiff's damages claim, to show (among

27 other things) that any harm caused by Elite Daily's alleged use was minimal or non-

28 existent.  See Elite Daily's Contentions Regarding RFP No. 12, supra.  Plaintiff's

32

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

initial response – that "[u]nauthorized use … includes such use by Elite Daily" – was facially non-responsive and deliberately incomplete.  The Interrogatory plainly seeks "all" such instances, not just the use alleged in this action.

At the mandatory conference of counsel, Plaintiff agreed to supplement this response.  Eight days later, he provided the supplemental response above.  This answer appears to identify at least some uses of the Photographs that Plaintiff contends are "unauthorized," but it is still incomplete.  First, Plaintiff qualified his response by stating the uses of the Photographs "include" the eight listed in the response.  The term "include" makes the answer potentially incomplete and non-responsive.  The Interrogatory requests "all" such uses.  Second, the Interrogatory asks for uses "without a License," but Plaintiff's response discloses uses that were "unauthorized."  It is unclear what Plaintiff intends by this distinction.  If he is aware of additional uses of the Photographs that were unlicensed – but that were not, to his mind, unauthorized – they too should be disclosed.  In other words, Plaintiff should clarify whether the listed uses are all the instances known to him in which the Photographs were used without a license; and if there are others, he should identify them.

Plaintiff's asserted objections provide no basis for withholding any responsive information.  The response to Interrogatory No. 4 includes a privilege objection, notwithstanding Plaintiff's counsel's representation at the mandatory conference that no documents were being withheld based on privilege.  Stahl Decl. ¶ 10(a)).  Plaintiff offers no basis (because none exists) for his objections that the Interrogatory is overbroad, vague, or ambiguous.  Marti, 2012 U.S. Dist. LEXIS 77962, *19.

Accordingly, Elite Daily asks this Court to compel Plaintiff to supplement his response to Interrogatory Nos. 4 to provide a complete and responsive answer, by disclosing all instances known to him in which the Photographs were used without a license.

## 2.   Plaintiff's Contentions

33

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Menzel provided all known instances of unauthorized uses of the Photographs, and is currently investigating other potential infringing uses. Upon discovery of infringements in addition to that of Elite Daily and the others named in Menzel's supplemental interrogatory response, Menzel will supplement his response. Burroughs Decl., ¶ 8. Furthermore, Elite Daily's pointing to the semantics of responding with "unauthorized" uses as opposed to uses "without license" does not lend any support to its position. Obviously, unauthorized uses of the Photographs are those uses for which Menzel did not grant license. Menzel has provided a full response to this request.

**C.     Elite Daily's Interrogatory Nos. 5 through 8.**

INTERROGATORY NO. 5:

State with specificity the dollar value of any lost sales (including without limitation lost LICENSE fees) YOU seek to recover in this action.

RESPONSE TO INTERROGATORY NO. 5:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, and improperly seeking legal conclusions and/or expert testimony in advance of the date for the same. Without waiver, Plaintiff lost revenues in connection with the licensing and distribution of the images at issue. And, the market for the images at issue has been negatively affected by Defendants' infringement. And, the market for Plaintiff's book that includes the images at issue has been negatively affected. And, Plaintiff has lost the goodwill and association attendant to the images at issue. And, Defendants have profited and benefited from their authorized use of Plaintiff's images. Discovery is ongoing; right to supplement reserved.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Objections:  calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and

34

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ambiguous, and improperly seeking legal conclusions and/or expert testimony in advance of the date for the same. This interrogatory also lacks foundation and assumes facts not in evidence. Without waiver, Plaintiff seeks statutory damages in this case. Plaintiff lost revenues in connection with the licensing and distribution of the images at issue due to Elite Daily's unauthorized use. And, the market for the images at issue has been negatively affected by Defendants' infringement. And, the market for Plaintiffs book that includes certain of the images at issue has been negatively affected. And, the market for Plaintiffs licensing for each of the images at issue has been negatively affected. And, Plaintiff has lost the goodwill and association attendant to the images at issue. And, Defendants have profited and benefited from their unauthorized use of Plaintiffs images. These damages accrued when Defendants published and promoted a post incorporating numerous of Plaintiffs images without his permission, displayed this post on the internet, and sold advertising against this post. Had Plaintiff licensed the images at issue to Elite Daily, the licensing fees would have been in excess of $18,000.00-$50,000.00. Lost license fees to third parties, damage to the value of the photographs, and damage to the value of Plaintiffs publications are still being calculated and will be disclosed per the expert discovery deadlines. Discovery is ongoing; right to supplement reserved.

INTERROGATORY NO. 6:

Describe in detail the factual basis to support the dollar value of any lost sales (including without limitation lost LICENSE fees) YOU seek to recover in this action.

RESPONSE TO INTERROGATORY NO. 6:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, and improperly seeking legal conclusions and/or expert testimony in advance of the date for the same. Without waiver, Plaintiff lost revenues in connection with the licensing and distribution of the images at issue. And, the market for the images at issue has been negatively affected by Defendants' infringement.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

And, the market for Plaintiff's book that includes the images at issue has been negatively affected. And, Plaintiff has lost the goodwill and association attendant to the images at issue. And, Defendants have profited and benefited from their authorized use of Plaintiff's images. These damages accrued when Defendants published and promoted a post incorporating numerous of Plaintiff's images without his permission, displayed this post on the internet, and sold advertising against this post. Discovery is ongoing; right to supplement reserved.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, and improperly seeking legal conclusions and/or expert testimony in advance of the date for the same. This interrogatory also lacks foundation and assumes facts not in evidence. Without waiver, Plaintiff seeks statutory damages in this case. Plaintiff lost revenues in connection with the licensing and distribution of the images at issue due to Elite Daily's unauthorized use. And, the market for the images at issue has been negatively affected by Defendants' infringement. And, the market for Plaintiffs book that includes certain of the images at issue has been negatively affected. And, the market for Plaintiffs licensing for each of the images at issue has been negatively affected. And, Plaintiff has lost the goodwill and association attendant to the images at issue. And, Defendants have profited and benefited from their unauthorized use of Plaintiffs images. These damages accrued when Defendants published and promoted a post incorporating numerous of Plaintiffs images without his permission, displayed this post on the internet, and sold advertising against this post. Had Plaintiff licensed the images at issue to Elite Daily, the licensing fees would have been in excess of $18,000.00 – $50,000.00. Lost license fees to third parties, damage to the value of the photographs, and damage to the value of Plaintiffs publications are still being calculated and will be disclosed per the expert discovery deadlines. Discovery is ongoing; right to supplement reserved.

36

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

INTERROGATORY NO. 7:

State with specificity the dollar value of any actual damages, other than lost sales, you seek to recover in this action.

RESPONSE TO INTERROGATORY NO. 7:

Objections: calling for attorney-client communication, attorney work product privileged, and proprietary information, compound, overbroad, vague and ambiguous, and improperly seeking legal conclusions and/or expert testimony in advance of the date for the same. Without waiver, Plaintiff lost revenues in connection with the licensing and distribution of the images at issue. And, the market for the images at issue has been negatively affected by Defendants' infringement. And, the market for Plaintiffs book that includes the images at issue has been negatively affected. And, Plaintiff has lost the goodwill and association attendant to the images at issue.  And, Defendants have profited and benefited from their authorized use of Plaintiffs images.  These damages accrued when Defendants published and promoted a post incorporating numerous of Plaintiffs images without his permission, displayed this post on the internet, and sold advertising against this post.  Discovery is ongoing; right to supplement reserved.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, and improperly seeking legal conclusions and/or expert testimony in advance of the date for the same. This interrogatory also lacks foundation and assumes facts not in evidence. Without waiver, Plaintiff seeks statutory damages in this case. Plaintiff lost revenues in connection with the licensing and distribution of the images at issue due to Elite Daily's unauthorized use. And, the market for the images at issue has been negatively affected by Defendants' infringement. And, the market for Plaintiffs book that includes certain of the images at issue has been negatively affected. And, the market for Plaintiffs licensing for each of the images at

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

issue has been negatively affected. And, Plaintiff has lost the goodwill and association attendant to the images at issue. And, Defendants have profited and benefited from their unauthorized use of Plaintiffs images. These damages accrued when Defendants published and promoted a post incorporating numerous of Plaintiffs images without his permission, displayed this post on the internet, and sold advertising against this post. Had Plaintiff licensed the images at issue to Elite Daily, the licensing fees would have been in excess of $18,000.00 – $50,000.00. Lost license fees to third parties, damage to the value of the photographs, and damage to the value of Plaintiffs publications are still being calculated and will be disclosed per the expert discovery deadlines. Discovery is ongoing; right to supplement reserved.

INTERROGATORY NO. 8:

Describe in detail the factual basis to support the dollar value of any actual damages, other than lost sales, YOU seek to recover in this action.

RESPONSE TO INTERROGATORY NO. 8:

Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous, and improperly seeking legal conclusions and/or expert testimony in advance of the date for the same. Without waiver, Plaintiff lost revenues in connection with the licensing and distribution of the images at issue. And, the market for the images at issue has been negatively affected by Defendants' infringement. And, the market for Plaintiffs book that includes the images at issue has been negatively affected. And, Plaintiff has lost the goodwill and association attendant to the images at issue. And, Defendants have profited and benefited from their authorized use of Plaintiff's images. These damages accrued when Defendants published and promoted a post incorporating numerous of Plaintiff's images without his permission, displayed this post on the internet, and sold advertising against this post. Defendant also built the value of its site, which is currently valued at a number

38

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in excess of $40,000,000.00, by posting the disputed images, and other posts of a similar nature. Discovery is ongoing; right to supplement reserved.

### 1.     Elite Daily's Contentions

These Interrogatories seek the specific "dollar value" of any lost sales or other actual damages Plaintiff seeks to recover in this action (Interrogatory Nos. 5, 7), and asks that Plaintiff "[d]escribe in detail the factual basis" for each such claim (Interrogatory Nos. 6, 8).  There is no disputing the relevance of the request, as they relate to specific categories of damages sought by Plaintiff.  See Compl. at pp. 10-11; 17 U.S.C. § 504(b).

Plaintiff initially made no good-faith attempt to respond.  His original answers to these damages interrogatories failed to specify any amount of damages, and merely listed broad categories of damages.  Recognizing the inadequacy of these responses, on September 1, Plaintiff provided Elite Daily with supplemental answers to Interrogatory Nos. 5, 6 and 7 (but not 8).  The supplemental responses assert that "[h]ad Plaintiff licensed" the Photographs to Elite Daily, the licensing fees would have been in the range of $18,000-$50,000.

Even as supplemented, the responses are woefully inadequate.  While Plaintiff has provided a dollar value for the alleged license value of the Photographs, he has not provided a figure for any other alleged category of damage.  Plaintiff asserts that these damages "are still being calculated."  But his responses to these interrogatories are long overdue, and he has no excuse for withholding information that he currently has in his possession, custody or control.

Additionally, Plaintiff has utterly failed to describe the factual basis for any category of alleged damages, as requested by Interrogatory Nos. 6 and 8.  By way of example and without limitation, the basis for the Photographs' alleged license value of $18,000-$50,000 is not explained; no lost sale or specific license opportunity is identified; no facts supporting any claimed "devaluation" of the Photographs is offered; no facts are offered regarding the supposed impact on the market for the

39

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Subject Book; and Plaintiff fails to describe at all (much less "in detail" as requested) how he supposes Elite Daily "sold advertising against" or otherwise profited from the Photographs. Plaintiff must supplement his responses to disclose these facts and the details supporting any other claim he is making for actual damages—or answer that he has no facts to support the claims.

All of Plaintiff's asserted objections are meritless. The request does not seek privileged information; and in any case, Plaintiff's counsel has represented that Plaintiff is not withholding any information based on a claim of privilege. Stahl Decl. ¶ 10(a)). Plaintiff has provided no facts supporting his assertion that the request is overbroad; nor has he identified any term that is vague or ambiguous. Johnson & Johnson, 2004 U.S. Dist. LEXIS 26973, at *4-5. Thomas, 715 F. Supp. 2d at 1030. And his contention that these interrogatories call for a legal conclusion or "expert testimony" is baseless: the interrogatories do not seek any such information, and even if they did, Elite Daily has a right to discover the underlying facts. Sherwin-Williams Co, 2014 WL 3388871, at *7

Accordingly, Elite Daily asks this Court to compel Plaintiff to supplement his response to Interrogatory Nos. 5 through 8, to provide complete and responsive answers, including without limitation a specific dollar claim for each category of damages sought, and a detailed description of the factual basis for each one.

### 2. Plaintiff's Contentions

Menzel sufficiently responded to these Interrogatories and has further produced documents reflecting all information sought in each Interrogatory. Therefore no further response should be compelled.

As can be read in the responses above, Menzel's responses to all of the above Interrogatories provide succinct and clear statements supporting his claims for lost profits. Menzel has responded that the market for the Photographs at issue has been negatively affected by Defendants' infringement; he has lost the goodwill and association attendant to the images at issue and that Defendants have profited and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

benefited from their unauthorized use of Plaintiffs images. Menzel further provided that had Plaintiff licensed the images at issue to Elite Daily, the licensing fees would have been in excess of $18,000.00-$50,000.00. The reasoning behind these statements is obvious. Menzel has earned income from licensing his proprietary Photographs, and Elite Daily copied these Photographs without permission and published the same widely in commerce, thereby depriving Menzel of the licensing fees that he should have collected. Additionally, Elite Daily damaged the market value of the Photographs by refusing to pay a proper license fee for use of the same, removing the CMI that Menzel had affixed to the Photographs, and disseminating the modified Photographs in commerce without any authorization. Elite Daily's seeking a precise dollar valuation on these damages seeks premature expert opinion. Menzel, as a photographer, would have difficulty providing an expert opinion as to the exact dollar figure of the damage that Elite Daily's infringements have caused. As was repeated in response to the above Interrogatories, damage to the value of the photographs, and damage to the value of Plaintiffs publications are still being calculated and will be disclosed per the expert discovery deadlines. Menzel has provided as complete a response to these Interrogatories as is possible at this time.

Furthermore, as a result of Elite Daily's acts of infringement, Menzel may elect, as an alternative to statutory damages, to recover both: (1) its actual damages suffered as a result of such infringement, as well as (2) any profits reaped by the defendants attributable to the infringement. 17 U.S.C. § 504(b); *Polar Bear Prods* 384 F.3d at 708; *See also Frank Music Corp.*, 772 F.2d at 512 n.5 (same). Actual damages are determined either by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement *or* by the value of the use of the copyrighted work *to the infringer. Polar Bear Productions*, 384 F.3d 700 at 708 (quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003)) (emphasis added); *see also* Ninth Circuit Model Jury Instruction 17.13 "Copyright Interests – Derivative Works" ("[t]he reduction of the fair market value

41

JOINT STIPULATION RE: MOTION TO COMPEL
DWT 27841612v2 0049264-000043

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work.") As such, the exact value to Elite Daily, the infringer, from use of the Photographs is within its own records, the production of which is believed to be incorrect. Through no fault of his own, Menzel cannot adequately provide a recitation of Elite Daily's own ill-gained profits in connection with the infringing uses of the Photographs. Menzel's responses are as complete as possible given the foregoing.

Additionally, Menzel produced documents from which his ██████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████ Thus, Menzel has provided documents from which a "dollar figure" of lost revenues may be determined in addition to a calculus of damages disclosed as part of his Fed. R. Civ. P. initial disclosures. Id. at ¶ 13, Ex. 8.

Menzel has responded and produced documents sufficient to make a lost profits analysis, and will seek statutory damages at trial. Thus, Elite Daily's request to compel further interrogatory responses encroaching on expert opinion must be denied.

## IV.   SANCTIONS SHOULD BE GRANTED TO PLAINTIFF

This motion is meritless and Plaintiff should recover the expense he has had to incur in responding. Defendant failed to engage in good faith L.R. 37-1 meet and confer discussions, noting *during the conference* that despite Plaintiff's agreement to supplement, that it would be *immediately* moving forward with the motion. It then

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

served this motion by email on Plaintiff when it knew Plaintiff's counsel was out of the country. Then, it refused to allow a brief extension for Plaintiff's counsel to return to the country to draft Plaintiff's portion. Finally, the motion has no substance given that Plaintiff already produced responses to almost all of the requests and has agreed to supplement to address the few remaining issues.

Given the lack of substance, the motion could only have been brought to increase for the Plaintiff, a full-time artist, the already-high cost of litigation by a company recently valued at $40,000,000.00. Sanctions are requested in the amount of $1,862.00[5] plus any additional fees incurred in supplemental briefing or oral argument.

DATED: September 15, 2015      DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ERIC M. STAHL
DIANA PALACIOS

By:       */s/ Eric M. Stahl*
Eric M. Stahl
Attorneys for Defendant
ELITE DAILY, INC. (erroneously sued as ELITE DAILY, LLC)

DATED: September 15, 2015      DONIGER / BURROUGHS
SCOTT A. BURROUGHS

By:       */s/ Scott A. Burroughs*
Scott A. Burroughs

Attorneys for Plaintiff Peter Menzel

---

[5] Calculated as Plaintiff's counsel's rate of $490.00 per hour multiplied by the 3.8 hours spent responding to this draft stipulation. Burroughs Decl., ¶ 15.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899