# EXHIBIT A

Judge Dolly M. Gee
## SCHEDULE OF PRETRIAL & TRIAL DATES (JURY TRIAL)

Case No.: **CV 15-1996-DMG (JEMx)**     Title: **Peter Menzel v. Elite Daily, LLC, et al.**

| MATTER | COURT ORDERED DATE | TIME |
|---|---|---|
| **TRIAL**    [ ] Court  [ x ] Jury<br>Duration Estimate:  4-5  days | 6-28-16<br>(Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE (FPTC)**<br>4 wks before trial | 5-31-16<br>(Tuesday) | 2:00 p.m. |

| MATTER | COURT ORDERED DATE |
|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 10-16-15 |
| Non-Expert Discovery Cut-Off<br>(includes hearing of discovery motions) | 2-23-16 |
| Motion Cut-Off  (filing deadline) | 3-4-16 |
| Initial Expert Disclosure & Report Deadline | 3-29-16 |
| Rebuttal Expert Disclosure & Report Deadline | 4-26-16 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | 5-10-16 |
| Settlement Conference Completion Date | 5-3-16 |
| Motions in Limine Filing Deadline | 5-10-16 |
| Opposition to Motion in Limine Filing Deadline | 5-17-16 |
| Early Mediation Deadline<br>Joint Report re Results of Early Mediation | 9-18-15<br>9-25-15 |
| Joint Status Report re Settlement | 5-10-16 |
| Proposed Pretrial Conference Order | 5-10-16 |
| Contentions of Fact/Law | 5-10-16 |
| Pretrial Exhibit Stipulation | 5-10-16 |
| Joint Exhibit List | 5-10-16 |
| Witness Lists & Joint Trial Witness Time Estimate Form | 5-10-16 |
| Agreed Statement of the Case | 5-10-16 |
| Proposed Voir Dire Questions | 5-10-16 |
| Joint Statement of Jury Instructions &<br>Joint Statement of Disputed Instructions | 5-10-16 |
| Verdict Forms | 5-10-16 |

# EXHIBIT B

**Stahl, Eric**

---

| | |
|---|---|
| **From:** | Sager, Kelli |
| **Sent:** | Monday, July 06, 2015 4:16 PM |
| **To:** | 'Scott Burroughs'; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger' |
| **Cc:** | Stahl, Eric |
| **Subject:** | RE: Menzel |

Thanks, Scott, this confirms our agreement and we'll get responses to you on Friday.  We'll get back to you on the PO tomorrow.

Sincerely, Kelli Sager

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Monday, July 06, 2015 4:02 PM
**To:** Sager, Kelli; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel

We will keep the material confidential until the Court rules on the protective order.

And, yes, we will be providing substantive responses.

Thanks,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Monday, July 6, 2015 3:33 PM
**To:** Scott Burroughs; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel
**Importance:** High

Can one of you please respond – thanks.

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Sager, Kelli
**Sent:** Monday, July 06, 2015 1:52 PM
**To:** Scott Burroughs
**Cc:** Stahl, Eric; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'
**Subject:** RE: Menzel

Scott –
Yes, we will provide substantive responses on Friday.  If there is a signed protective order before then, we can provide responses that include confidential information as well, subject to an agreement that the parties will abide by the order as signed even if the court has not entered it yet.  (Without a signed protective order, we will not be providing confidential information, but hopefully the parties will work through the remaining issues before Friday).  We'll get back to you on the protective order tomorrow.
And yes, we will give you 4 more days on your responses to our written discovery so that the amount of time is "equal," as you have requested, subject to the same agreement by you that you will provide substantive responses.
Please confirm the above agreement.
Thanks, kelli

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Monday, July 06, 2015 1:08 PM
**To:** Sager, Kelli
**Cc:** Stahl, Eric; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'
**Subject:** RE: Menzel

Yes, the requested extension is fine so long as you email substantive responses on 7/10 and grant an equal extension on our response. Please confirm. Thanks.

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Monday, July 6, 2015 9:58 AM
**To:** Scott Burroughs
**Cc:** Stahl, Eric; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'
**Subject:** RE: Menzel

Scott –
We're waiting to hear from our client on the protective order issues and will respond to you as soon as we hear back.  The time differences and sorting through the protective order issues has slowed us down on finalizing discovery responses.  Since we'd like to have the PO issues sorted out if possible so that we can provide more complete responses,

would you agree to extend the deadline on discovery responses to Friday, July 10?  If so, we will email them to you that day, so that you have them this week.  Please let me know at your earliest convenience.
Thanks, Kelli

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Thursday, July 02, 2015 2:20 PM
**To:** Sager, Kelli
**Cc:** Stahl, Eric; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'
**Subject:** RE: Menzel

Kelli – see my responses below.

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Thursday, July 2, 2015 2:15 PM
**To:** Scott Burroughs (scott@donigerlawfirm.com)
**Cc:** Stahl, Eric; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'
**Subject:** Menzel

Scott:
We have concerns about several of your proposed changes.
1.  Paragraph 5:  Why do we need a waiver of an evidentiary objection in this protective order?  I have never seen a provision like this in a P.O., nor could we agree to this as a blanket matter.  If an authenticity issue emerges after a party produces a document, the party should be able to assert it.  YOU ARE NOT WAIVING ANY EVIDENTIARY OBJECTIONS. YOU ARE AGREEING THAT IF A PARTY DESIGNATES SOMETHING AS A SENSITIVE BUSINESS RECORD, IT CANNOT LATER CLAIM THAT ITS OWN BUSINESS RECORD IS INAUTHENTIC. CHALLENING THE AUTHENTICITY OF A DOCUMENT YOU HAVE MARKED AS A SENSITIVE BUSINESS RECORD IS NONSENSICAL. IT WILL STREAMLINE THIS  MATTER, WHICH THE COURT WILL APPRECIATE. WE HAVE USED THIS LANGUAGE MANY TIMES IN THE PAST.

2.  Paragraph 9(e):  It is overbroad to allow AEO to be shared with any "recipient" (as opposed to "original" recipient), without regard to when or how they received it; doing so would make the provision meaningless.  The point of the "original" qualifier is to allow an AEO document to be shared with people who already (properly) saw it, e.g., because they were copied on it at the time it was produced.  If there is some reason you believe "original" is a problem, we would consider a change that would say: "any authors of the information designated "AEO," and any *authorized* recipient who received it at the time it was created."  Let us know if that addresses whatever concern you have with the word "original." AUTHORIZED IS FINE.

3.  Paragraph 16:  We cannot agree to a blanket statement that the P.O. would not apply "at court hearings."  Trials have their own rules for use of exhibits in open court, and the draft was written to conform to Central District rules.  Allowing a party to disclose protected documents at any time in open court would also make the confidentiality provisions

meaningless.  We don't see why this provision is necessary. IF WE WANT TO USE A DOCUMENT AT A HEARING OTHER THAN TRIAL, WE SHOULD NOT BE PRECLUDED. IF YOU WANT TO REVISE IT TO SAY "DISPOSITIVE MOTIONS" and the FPTC, THAT'S FINE.

Please let me know if you would agree to the draft protective order with the suggested change above, and without the other changes that we do not believe are appropriate.
Thanks, Kelli

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Wednesday, July 01, 2015 5:18 PM
**To:** Sager, Kelli
**Cc:** Stahl, Eric; Stephen M. Doniger; 'Justin Gomes'
**Subject:** RE: Menzel

Kelli:

See attached for our revisions to the protective order. If all is agreeable, you have my permission to file with my /s/.

Thanks,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Wednesday, July 1, 2015 2:44 PM
**To:** Scott Burroughs (scott@donigerlawfirm.com)
**Cc:** Stahl, Eric
**Subject:** Menzel
**Importance:** High

Scott:
Here is the draft Joint Rule 26 report and scheduling exhibit with our portions included.  Please let us know if there are any items you would like to discuss or about which you have questions.  As indicated in our portion, we believe the parties should schedule a mediation sooner rather than later, instead of spending a lot of time and money on discovery.  If your client is willing to do that, let us know and we can revise the language in our section to reflect the parties' agreement to schedule a mediation.  Otherwise, this can be put in final and submitted tomorrow as is.

To further the prospect of an amicable resolution, we are preparing appropriate responses to the pending discovery requests, and have attached a draft protective order, which will need to be in place before Elite Daily will provide any

additional financial information.  Please let us know if the draft protective order is acceptable and we can circulate a pdf for signature.

We also would like to have the information on copyright registrations that Jay Brown requested, which we have not yet received, showing any and all registrations for the subject photographs.  Please let us know if you will provide that to us now.  I am attaching a copy of RFPs to your client that will be served today, but in the interests of moving our discussions forward, we would like to have the registration information sooner rather than later, if you are willing to provide it.  We also would like to see any evidence your client has of lost sales or licenses that he claims to have been caused by Elite Daily's publication, and records reflecting any income received from the licensing or publication of the subject photographs.

We look forward to hearing from you.
Sincerely, Kelli Sager

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Sager, Kelli
**Sent:** Wednesday, July 01, 2015 12:31 PM
**To:** Sager, Kelli
**Subject:**

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

# EXHIBIT C

## Stahl, Eric

| | |
|---|---|
| **From:** | Scott Burroughs <scott@donigerlawfirm.com> |
| **Sent:** | Thursday, August 06, 2015 10:31 AM |
| **To:** | Sager, Kelli; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.' |
| **Cc:** | Stahl, Eric |
| **Subject:** | RE: Menzel v Elite -  Depositions |

Kelli:

Thank you for the email. I was in an all-day deposition yesterday and thus unable to respond to your multiple emails until now.

The single date you provided – September 3, 2015 – is not available on our end. On what dates are your client available the week of September 21 or 28?

And, given your representation that your client had and has no deposition availability in the latter part of July or the entire month of August, it will not be possible to comply with the current mediation deadline. We should stipulate to continue it for one month. If you are not willing to do so, we will request leave from the Court. Good cause exists, of course, given the issues with scheduling your client's deposition.

As for our document production, your office produced documents 13 days after it produced its written responses. We will ensure that we produce our documents within that same window.

As for mediators, we propose using Judge Leo Wagner (Ret.), Michael Young, or Michael DiLiberto.

Please advise.

Regards,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Wednesday, August 5, 2015 4:07 PM
**To:** 'Scott Burroughs' <scott@donigerlawfirm.com>; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger' <stephen@donigerlawfirm.com>; 'Justin M. Gomes Esq.' <jgomes@donigerlawfirm.com>
**Cc:** Stahl, Eric <ericstahl@dwt.com>
**Subject:** RE: Menzel v Elite - Depositions

Scott:
We haven't received a response to my email yesterday morning about an alternative deposition date.  Please respond today, so that we can advise our clients whether they should continue holding September 3 open.
You also have not provided us with any names of acceptable mediators, which will make it difficult for the parties to comply with the Court's order. If you do not intend to do so, please let us know so that we can advise the Court.
Finally, you have not responded to my inquiry from last night about when we will receive plaintiff's documents.  Given that your office did not provide any substantive information in response to our discovery requests – even though that

was an express condition of the extension you received, which was plainly violated by your boilerplate responses – we expect to receive your client's responsive documents immediately.

We look forward to your prompt response.

Sincerely,

Kelli Sager

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Sager, Kelli
**Sent:** Tuesday, August 04, 2015 2:28 PM
**To:** 'Scott Burroughs'; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel v Elite - Depositions

Scott:

Elite Daily's designated PMK witnesses and counsel are available for deposition in New York on Thursday, September 3.  We anticipate two witnesses will testify.  We are not available for the PMK depositions in New York on August 10, the new date you unilaterally selected.  Please advise at your earliest convenience if September 3 is acceptable, and we will proceed accordingly.

Please also provide the name(s) of acceptable mediators so that we can hopefully reach agreement on a mediator and schedule a date that complies with the court-ordered deadline.

Sincerely,

Kelli Sager

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Wednesday, July 29, 2015 4:36 PM
**To:** Sager, Kelli; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel v Elite - Depositions

Kelli:

Given your representation that you will be providing deposition availability shortly, we will continue tomorrow's deposition for 10 days, to take place in New York. We will serve a notice of continuance shortly. If your client is not available on the continued date, provide alternates. Be advised that we will not again continue the deposition without the provision of alternate dates.

No mediation will take place until the deposition is completed. Rest assured that if I notice a deposition, I intend to take it.

The rest of your email, though lengthy and riddled with errors and needless ad hominem attacks, merits no response.

Regards,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Wednesday, July 29, 2015 1:40 PM
**To:** Scott Burroughs; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel v Elite - Depositions

Scott:
You have known since at least since the date the Complaint was filed that Elite Daily is based **in New York** (and even a cursory Google search would have told you the same thing), meaning that any witnesses from Elite Daily would have to be deposed in New York unless the parties agreed otherwise. Nonetheless, you unilaterally noticed a deposition for Los Angeles, selecting a date without consultation with Elite Daily's prior counsel (or any discussion with us after we became involved). Meanwhile, you have repeatedly indicated to prior counsel and to us that you only needed limited financial information before the parties could discuss a resolution that would avoid the need to spend substantial time and money on discovery. Consequently, the notion that you believed that Elite Daily was going to produce witnesses for depositions in Los Angeles on July 30 is disingenuous, at best. Under these circumstances, your threat to take a non-appearance of a witness that you already have been told is not going to appear in Los Angeles tomorrow is absurd, and clearly is designed to create conflicts and run up costs unnecessarily.

Given your apparent change of heart about attempting to resolve this matter efficiently, we have asked our client to identify dates for a PMK deposition in New York that can take place before the court-ordered mediation deadline. As you know, Elite Daily is now owned by a London-based company, which means that the date will need to work not only for the designated witness(es) in New York and for our firm, but also for the in-house counsel coming from London. Given the time differences, we will not have an answer about dates today, but I have already told you that we will provide dates for PMK deponent(s) as soon as I have them. We have objected to some of the categories in the PMK notice, which are incredibly overbroad, and would be open to discussing what categories you want to cover before the mediation deadline if you wish to do so. If not, we will proceed accordingly.

Finally, with respect to the mediation, you did not "agree" to an early mediation date, and certainly did not do so based on any representation from us or prior counsel about depositions happening before a resolution could be discussed. The early mediation date was ordered by the Court despite your stated position, not because of it. Moreover, despite multiple requests, you still have not provided us with the names of any mediators, making it more and more difficult to get a mutually-acceptable mediator confirmed for a date before the September 18 deadline. We continue to believe that the parties' interests are best served by an early discussion of resolution – even if that does not serve your firm's interest— and our client would oppose any attempt to extend the early mediation deadline. Nothing precludes you from asking the Court to move the date, of course, but if that occurs, we will have no choice but to let the Court know that you have refused to proceed in good faith.

I hope to have proposed dates for the New York deponent(s) tomorrow. In the meantime, I suggest that you spend some time reviewing the Central District's Civility Guidelines. Although your firm markets itself as having a robust federal court practice, your email below suggests that you are unfamiliar with the Guidelines – and even less familiar with the general concept of "civility" – which has already set a much more negative tone to our communications than needs to be the case.

Sincerely,

Kelli Sager


**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Wednesday, July 29, 2015 10:31 AM
**To:** Sager, Kelli; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel v Elite - Depositions

Kelli:

The below is unacceptable. We served the deposition notice at issue on June 2, 2015, nearly two months ago. I didn't hear any objection from your side on the issue until July 23rd, when you responded to an email I sent you requesting the names of the 30(b)(6) designees. Now, the day before a deposition that has been calendared for almost two months, you serve a formal objection. This is improper.

I had previously offered to continue the deposition upon receipt of alternate dates on which to conduct the deposition in Manhattan in August. You have refused to provide such dates, without offering a valid basis for your refusal.

As previously noted, we are willing to take tomorrow's deposition off-calendar upon receipt of alternate dates. Please provide 2-3 dates in August by 5:00 pm PST today. If you fail to do so, we will move forward, noting the non-appearance and moving to compel.

And, we agreed to the mediation deadline based on our understanding that your client would be appearing for its timely noticed deposition. Given your failure to cooperate in this regard, it appears we will have to seek an extension on the mediation deadline.

Regards,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Wednesday, July 29, 2015 9:39 AM
**To:** 'Scott Burroughs'; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Stahl, Eric
**Subject:** Menzel v Elite - Depositions

Scott:
It is not necessary or appropriate for you to posture about taking a non-appearance for Elite Daily's deposition.  Elite Daily will appear for a FRCP 30(b)(6) deposition—but one that is properly noticed to take place in New York (where the corporation is located), on a mutually available date.  I am not available to travel to New York August 8-14.

I am also not clear what "further investigation" you think is needed before you are willing to engage in settlement discussions.  You initially conditioned settlement talks on Elite Daily responding informally to a series of questions about the article.  We answered.  You then asked for backup documentation regarding Elite Daily's revenue, which we have provided (as well as providing responses to your extensive written discovery).  Now you appear to be moving the goal posts again.  If you need clarification on the information we have already provided, I can likely provide it informally, without the expense of a deposition.  We remain interested in resolving this matter without running up legal fees unnecessarily.  Are you still amenable to that, rather than spending more money on attorneys' fees than the case is worth?

Although it should not be necessary, I am attaching formal objections to the Rule 30(b)(6) deposition that you unilaterally noticed for July 30.  See objection 1 for the authority noting California is not the appropriate location for a deposition of a New York entity.

If you still believe a Rule 30(b)(6) deposition is necessary, let me know, and we will work with you to schedule a mutually convenient date.  See Central District's Civility and Professionalism Guideline B.2 ("We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.").

Finally, you have not responded to my inquiry about mediators that would be acceptable to plaintiff.  Given the court-ordered deadline for an early mediation by September 18, we should agree on a mediator asap, since many of them are booked weeks in advance, and scheduling will be challenging enough given that our client representative will have to travel for the mediation.  We look forward to hearing from you.

Kelli

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Friday, July 24, 2015 12:57 PM
**To:** Sager, Kelli; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel v Elite - Depositions

Kelli:

Thank you for the email. We need to do further investigation before the case will be ripe for settlement discussions. To that end, the deposition shall proceed as noticed. If your client objects to that date and location, please provide alternate dates between August 6 and 14. Upon receipt of those dates, we will notice the deposition at our local counsel's office in Manhattan.

If we do not get alternate dates, we will move forward with the deposition as noticed, take a non-appearance if necessary, and then move to compel. I trust this will not be necessary.

Please advise.

Thank you,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291

Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

---

**From:** Sager, Kelli [mailto:kellisager@dwt.com]
**Sent:** Thursday, July 23, 2015 9:02 PM
**To:** 'Scott Burroughs'; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Stahl, Eric
**Subject:** RE: Menzel v Elite - Depositions

Scott –
Attached are documents E00001-84, which are being produced in response to plaintiff's document requests.  Please note that these financial documents have been designated as "Attorneys' Eyes Only" pursuant to the parties' protective order.  We hope to produce any remaining non-privileged, responsive documents next week, but this initial production addresses your request for documents demonstrating where the financial information came from that we previously provided to you.

You previously indicated that you needed financial information before the parties could discuss a resolution of this case.  Since you now have that information, and in light of the Court's order requiring the parties to mediate in short order, we believe the most cost-effective way to proceed is to discuss resolution before the parties spend significant additional amounts of money on discovery or on a mediation.  If, however, you are unwilling to discuss settlement without a mediator, please provide us with some suggested mediators so that we can decide on a mutually-acceptable mediator and get a date scheduled as expeditiously as possible.

As for the deposition notice, as you know, Elite Daily is based in New York, so it is not proper to notice a deposition for a PMK of Elite Daily to take place in Los Angeles.  If there are going to be depositions of any witness(es) from Elite Daily, they would have to take place in New York, where the witness(es) reside.  Consequently, we are not producing any witnesses for depositions in Los Angeles next week.  As stated, however, we think it makes no sense to run up the cost of this case, and hope that you will proceed with discussing a resolution in good faith.

We look forward to hearing from you.
Sincerely,
Kelli Sager

**Kelli Sager** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/KelliLSager

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Scott Burroughs [mailto:scott@donigerlawfirm.com]
**Sent:** Thursday, July 23, 2015 5:36 PM
**To:** Stahl, Eric; tbarrett@donigerlawfirm.com; 'Stephen M. Doniger'; 'Justin M. Gomes Esq.'
**Cc:** Palacios, Diana; Sager, Kelli
**Subject:** Menzel v Elite - Depositions

Eric/Kelli:

Please advise as to the name(s) of the deponents that Elite plans to produce per FRCP 30(b)(6) next week, and advise if there is a need for an interpreter.

Thanks,

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Phone: (310) 590-1820
Electronic: scott@donigerlawfirm.com
Website: www.donigerlawfirm.com

# EXHIBIT D



**Davis Wright Tremaine LLP**

Suite 2400
865 South Figueroa Street
Los Angeles, CA 90017-2566
Main: 213.633.6800
Fax: 213.633.6899

**Kelli Sager**
213.633.6821  tel
213.633.6899 fax

kellisager@dwt.com

August 14, 2015

<u>VIA PERSONAL SERVICE</u>

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA  90291

Re:    <u>Menzel v. Elite Daily, LLC</u>
       C.D. Cal. Case No. 2:15-cv-01966-DMG-JEM
       L.R. 37-1 Request for Pre-Filing Conference

Dear Scott:

       This letter is sent pursuant to Local Rule 37-1, concerning Plaintiff Peter Menzel's grossly deficient responses to written discovery in the above case.  Defendant Elite Daily, Inc. (erroneously sued as Elite Daily, LLC) ("Elite Daily") intends to move the Court for an order compelling Plaintiff to provide full and complete responses to its First Set of Requests for Production of Documents ("RFPs") and First Set of Interrogatories ("Interrogatories").  Pursuant to Rule 37-1, we are required to hold a pre-filing conference at my office within 10 days of service of this letter, to discuss the issues below.  I suggest we meet at 11:00 a.m. on Thursday, August 20, 2015, at my office.  If that is not workable for you, please provide alternative dates/times when you would be available within the next 10 days.

       Plaintiff's responses to Elite Daily's written discovery consist of boilerplate, inappropriate objections without any substantive responses.  In addition to being untimely in light of the express condition upon which you were given an extension of time to respond,[1] the specific responses are deficient for the following reasons:[2]

_____

[1] The deadline for Plaintiff's responses to Elite Daily's discovery was July 31 for the RFPs and August 3 for the Interrogatories.  On July 6, we agreed to extend the deadlines by four days subject to "agreement by you that you will provide substantive responses" by the extended deadline.  You expressly agreed in writing to abide by this condition, but failed to do so.

[2] This list is not exhaustive, and this letter is not intended to suggest that responses to requests that are not identified herein are sufficient, or that objections identified in other responses are proper.

DWT 27617085v1 0049264-000043

Scott Alan Burroughs, Esq.
August 14, 2015
Page 2

### A.    Deficiencies in Plaintiff's Response to Elite Daily's RFPs

1.    <u>Failure to produce</u>: Federal Rule of Civil Procedure 34(a) mandates that Mr. Menzel produce all relevant and nonprivileged documents in his possession, custody, or control as specified in the RFPs. To date, <u>your client has not produced a single document</u>, even though your responses represent that he is doing so. Indeed, on August 6, you admitted Plaintiff is delaying its document production on the specious ground that Elite Daily "produced documents 13 days after it produced its written responses." As you know, Elite Daily provided you with documents at your request even <u>before</u> formal discovery was served, and continued to provide documents on a rolling basis. But even setting that aside, there is no authority that justifies deliberate foot-dragging on document production based on how long it took another party to complete its document production. Elite Daily demands that Plaintiff cease his bad faith withholding of discoverable information and produce all responsive, unprivileged documents immediately.

In addition, Plaintiff's responses to most of the RFPs states that Plaintiff "will produce nonprivileged responsive documents in its [sic] possession, custody or control," but the responses to RFPs 13, 14 and 15 state that "Plaintiff will produce responsive documents." Please explain this inconsistency, including whether you intend to withhold any responsive documents under either iteration. Plaintiff is required to produce <u>all</u> responsive documents in its possession, custody and control in response to each of the RFPs noted above. Any record that is being withheld on a claim of privilege must be identified and described in a privilege log as required by Federal Rule of Civil Procedure 26(b)(5).

2.    <u>RFP No. 4</u>: This request seeks, among other things, a "copy of the deposits of the PHOTOGRAPHS … submitted to the Copyright Office." In response, Plaintiff offers to make copies of the subject photographs available for inspection. This is non-responsive. The request seeks to determine whether Plaintiff complied with the statutory deposit requirement (17 U.S.C. § 407) and if so, the manner in which these works were deposited (<u>e.g.</u>, individually, as part of a single compilation, or otherwise). These facts are directly relevant to Plaintiff's claim of ownership, <u>id.</u>, and may bear on the calculation of statutory damages. <u>See</u> 17 U.S.C. §504(c)(1) (last sentence). If the photographs were never deposited, such that there are no responsive documents, the response must say so; otherwise, the responsive documents must be produced immediately.

3.    <u>RFP No. 7</u>: This request seeks documents related to copyright notices and copyright management information published on or in connection with the subject photographs. Plaintiff responds that he will provide "documents sufficient to reflect the types of" notices and CMI used in connection with the photographs. There is no basis for qualifying this response or

Scott Alan Burroughs, Esq.
August 14, 2015
Page 3

for refusing to provide all responsive documents. If there are responsive documents that you do not intend to produce, provide the basis for your refusal to produce them. Otherwise, Plaintiff must comply with this request as written.

      4.    RFP Nos. 8-9: Plaintiff inexplicably refuses to produce documents seeking evidence of licenses and other permissions to use the photographs at issue in this lawsuit. There is no conceivable basis for Plaintiff to withhold this information, nor any doubt that the Court would compel its production. Licensing history of the subject works, or lack thereof, has a direct bearing on Plaintiff's claim for actual damages. 17 U.S.C. § 504(b). Elite Daily is entitled to discover whether there is a market for the photographs and whether the allegedly infringing use had any economic value to Plaintiff. See, e.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); see also Response to Interrogatory No. 5 (claiming lost licensing revenue). Elite Daily also is entitled to discover whether the works are licensed individually or as a compilation, which bears on the measure of statutory damages. 17 U.S.C. § 504(c) (last sentence); Schiffer Publ'g, Ltd. v. Chronicle Books, 2005 WL 67077, at *3 (E.D. Pa. Jan. 11, 2005).

      Plaintiff's discovery responses also are internally inconsistent on this point. Your answer to Interrogatory No. 2, which seeks the identity of all licenses in the subject photographs, states that Plaintiff will respond to the Interrogatory by producing responsive documents pursuant to Fed. R. Civ. P. 33(d). Plaintiff has no good-faith basis for withholding documents responsive to RFPs 8-9, and must comply with these requests immediately.

      5.    RFP No. 12: This request seeks all instances in which the subject photographs have been published, other than in Plaintiff's book. Plaintiff's answer -- offering to allow Elite Daily to inspect his book and the photographs -- is disingenuous and non-responsive on its face. Other publications of the subject photographs are relevant to Plaintiff's damages claim -- both for all the reasons set forth in the preceding point, and because evidence of widespread unlicensed use of the photographs is relevant to showing that any harm caused by Elite Daily's alleged use was minimal or non-existent. Plaintiff must produce the requested documents immediately.

      6.    RFP Nos. 17 and 18: Plaintiff refuses to produce documents related to other claims he has made alleging infringement of the subject photographs, and any damages he has received as a result. But Elite Daily is entitled to discover whether the works at issue in this case have been the subject of litigation elsewhere. A prior adjudications that Plaintiff does or does not own the copyright in the subject works, for example, would have a direct bearing on his standing in this lawsuit. Similarly, any award or settlement of earlier infringement claims of the photographs would be relevant to the value of the works, and to the damages Plaintiff might have suffered as the result of any particular act of infringement. A plaintiff's approach to litigation

Scott Alan Burroughs, Esq.
August 14, 2015
Page 4

also is a relevant factor in determining the appropriate amount of statutory damages. See Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1122–25 (2d Cir. 1989) (award of statutory minimum justified due to vexatious tactics by plaintiff's counsel). Plaintiff must provide documents responsive to this request.

B.    **Deficiencies in Plaintiff's Response to Elite Daily's Interrogatories**

1.    Interrogatory No. 1: This seeks all facts "supporting or refuting" Plaintiff's claim that he owns the copyright in the subject photographs. Plaintiff's cursory response plainly omits responsive facts, and is incomplete on its face. Without limitation, the response fails to indicate when and where the subject photographs were taken; how the works were registered; where they were first published; whether Plaintiff is a national or domiciliary of the United States; whether there is any co-author or co-owner in any of the subject works; and whether the copyright in the subject works has been subject to any transfer of ownership. All of these facts bear on whether or not Plaintiff owns the copyright in the works. See 17 U.S.C. §§ 104(b), 201. This information, if it exists, is all readily available to Plaintiff, and your failure to provide it in a timely manner is inexcusable. Plaintiff must supplement his response immediately to specifically state all facts supporting or refuting his ownership claim.

2.    Interrogatory Nos. 2-3: These Interrogatories ask for the identity of all licenses in the subject photographs and all revenues generated therefrom. This information is highly relevant and self-evidently discoverable, for reasons set forth above with respect to RFP Nos. 8 and 9. Yet Plaintiff provides no substantive response to these Interrogatories. Instead, you state that he "will produce documents per FRCP 33(d)." But relying on business records to answer an interrogatory is permissible only if the response specifies the records to be reviewed, "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Your response to Interrogatories 2 and 3 fails this standard: neither response identifies the records you intend to produce, and there is no basis to assert that Elite Daily could identify the licenses or revenues derived from the subject photographs as readily as Plaintiff could. The response to Interrogatory No. 2 (seeking license agreements) is particularly baffling, given Plaintiff's stated refusal to produce license agreements for the subject photographs. See Responses to RFP Nos. 8, 9. Plaintiff must supplement his response and provide substantive answers to these Interrogatories.

3.    Interrogatory No. 4: This interrogatory asks Plaintiff to identify all instances in which the subject photographs were used without a license. The response – that "[u]nauthorized use ... includes such use by Elite Daily" – is facially non-responsive and deliberately incomplete. The Interrogatory plainly seeks "all" such instances, not just the use alleged in this action. Such evidence is relevant for all the reasons set forth above in connection with RFP No.

DWT 27617085v1 0049264-000043

Scott Alan Burroughs, Esq.
August 14, 2015
Page 5

12.  Plaintiff must supplement his response to provide a complete and responsive answer to this Interrogatory, including without limitation by identifying all unlicensed uses of the works.

  4. Interrogatory Nos. 5-8: These Interrogatories seek the specific amount of damages Plaintiff claims in this action.  Each one specifically asks for "the dollar value" of your damages claims.  Plaintiff has made no good-faith attempt to respond.  Without limitation, none of the answers specify any amount of damages allegedly sustained by him.  The fact that "discovery is continuing" does not obviate your obligation to answer to the best of Plaintiff's ability given the information that he currently has in his possession, custody or control.  Merely listing broad categories of damages is not responsive.  Plaintiff must supplement his responses to answer these Interrogatories completely, including without limitation by identifying the specific amount of damages claimed; any specific lost license opportunities or devaluation of the works at issue; and the value of allegedly lost goodwill and any other category of damages claimed.

  5. Verification: Please provide your client's signed verification as required by Federal Rule of Civil Procedure 33(b).

  In sum, Plaintiff has not come close to meeting his discovery obligations, and clearly made no good faith attempt to do so.  In light of your obviously incomplete and inadequate responses, Elite Daily specifically reserves its right to supplement this letter and to demand further responses once it has evaluated Plaintiff's document production and supplemental Interrogatory answers.

       Sincerely,

       */s/Kelli L. Sager*

       Kelli L. Sager
       Davis Wright Tremaine LLP

cc: Justin M. Gomes, Esq.
  Stephen M. Doniger, Esq.
  Trevor William Barrett, Esq.

  Eric M. Stahl, Esq.

DWT 27617085v1 0049264-000043

PROOF OF SERVICE BY ELECTRONIC MAIL

I am employed in Seattle, Washington. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101.

On August 14, 2015, I served the foregoing document(s) described as: **L.R. 37-1 REQUEST FOR PRE-FILING CONFERENCE** by forwarding a portable document file to the electronic mail address(es) below:

**Justin M Gomes**
  jgomes@donigerlawfirm.com
**Scott A Burroughs**
  scott@donigerlawfirm.com
**Stephen M Doniger**
  stephen@donigerlawfirm.com
**Trevor William Barrett**
  tbarrett@donigerlawfirm.com
**Doniger Burroughs APC**
**603 Rose Avenue**
**Venice, CA 90291**

   **(FROM ELECTRONIC MAIL ADDRESS ericstahl@dwt.com).**

Executed on August 14, 2015, at Seattle, Washington.

☒   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Eric Stahl | |
| --- | --- |
| Print Name | Signature |

PROOF OF SERVICE
DWT 27304389v1 0049264-000043

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY HAND DELIVERY

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Global Network Legal Support, 316 West 2nd Street. Suite 1110, Los Angeles, California 90012.

On August 14, 2015, I served the following document(s): **L.R. 37-1 REQUEST FOR PRE-FILING CONFERENCE** on the interested parties in this action or proceeding, by personally delivering a copy thereof, enclosed in a sealed envelope(s), to the addressee(s) at the following address(es):

**Justin M. Gomes, Esq.**
**Scott A. Burroughs, Esq.**
**Stephen M. Doniger, Esq.**
**Trevor William Barrett, Esq.**
**Doniger Burroughs APC**
**603 Rose Avenue**
**Venice, CA  90291**

Executed on August 14, 2015, at Los Angeles, California.

☐   State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

DARWIN VELASCO _____      _____
          Print Name                                         Signature

DWT 27637576v1 0049264-000043

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

# EXHIBIT E

## Stahl, Eric

| | |
|---|---|
| **From:** | Stahl, Eric |
| **Sent:** | Monday, August 24, 2015 7:58 PM |
| **To:** | Scott Burroughs (scott@donigerlawfirm.com) |
| **Cc:** | Sager, Kelli; ''Trevor Barrett' (tbarrett@donigerlawfirm.com); 'Justin M. Gomes Esq.'; Stephen M. Doniger (stephen@donigerlawfirm.com) |
| **Subject:** | FW: Menzel v. Elite--Rule 37-1 Pre-filing Conference |

Dear Scott:

This letter summarizes our conference today regarding the deficiencies in Plaintiff's discovery responses to date.  Based on the points noted below, we intend to proceed with a motion compelling full responses to all of our discovery.  The motion will bring to the Court's attention your failure to provide any meaningful discovery to date, and your failure to comply with your obligations under Rule 37-1 to participate in the meet-and-confer process in good faith by conducting a diligent inquiry <u>before</u> the parties confer.  We will provide you with our portion of the joint Rule 37-2 stipulation shortly.

1.      <u>Document production</u>:  Contrary to your multiple promises over the last two weeks, including this morning, Plaintiff did not produce a single document prior to our pre-filing conference.  You stated on our call that you had put some "500 pages" in the mail today (knowing full well they would not reach us prior to our conference).  You then made various representations about what you believe are the contents of the production – although you did not appear to be certain, and we are unable to verify any representations you made because we have yet to receive a single document from this long-overdue production.  I asked that you make the records available to us by email; you stated you would look into it, but have yet to send us anything by email.  You invited us to send a courier to pick up a disc of the production at your office in Venice.  While this seems like an unnecessary expense that our client should not have to incur, we will send a courier unless we receive the documents from you by noon Tuesday.

2.      <u>Privilege log</u>:  Plaintiff has not provided a privilege log.  You stated during our call that Plaintiff is not withholding any documents based on any claim of privilege.  If this is inaccurate, a privilege log should be provided immediately.

3.      <u>RFP Nos. 1-4, 7, 13-16</u>:  We understood you to state that you are producing all documents in your possession, custody or control responsive to these requests, and not withholding any responsive documents pursuant to any objection.  We have no way to verify this as, again, we have received no documents to date.  If you have withheld any documents responsive to any of these requests, they should be provided immediately.

4.      <u>RFP Nos. 5-6</u>:  You were unable to state whether Plaintiff has produced all documents responsive to these requests, or  is withholding documents pursuant to any objection.

5.      <u>RFP Nos. 8-9</u>:  You stated that your pending production includes license agreements for the works at issue, but with names of the licensees redacted.  You stated that the ground for withholding the licensee information was "trade secret" and "third-party privacy."  We disagree with your unilateral decision to withhold this information, particularly given that this case is governed by a discovery protective order.  You then stated that you would need to provide third-party notice to certain licensees, a process that you have apparently not yet started.  The identities of individuals or entities with whom plaintiff has license agreements is not protected trade secret information, nor is it a violation of privacy rights to provide this information.  Unredacted documents should be provided immediately.

6.       RFP Nos. 10-11:  You stated that you "believe" Plaintiff has produced responsive documents, but were not certain whether or not all responsive documents are in your pending production, or whether documents responsive to these requests have been withheld.

7.       RFP No. 12 and Interrogatory No. 4:  These requests seek information related to other uses of the photos at issue.  You stated that locating and producing responsive information would be "expensive" and would outweigh the probative value of this discovery.  We see no reason why it would be at all difficult or expensive to respond to this discovery, as it only seeks information known to your client and in his possession, custody or control.  The relevance of this material is fully set forth in our August 14 letter.

8.       RFP Nos. 17-18:  You stated you were unsure whether all documents related to claims against third parties have been produced.

9.       Interrogatory No. 1:  You refused to supplement this response.

10.      Interrogatory Nos. 2 and 3:  You suggested that license agreements in your pending production would suffice to respond to these interrogatories.  That manifestly is not the case, given that (i) the license agreements are apparently redacted, and (ii) as you acknowledged, the license agreements themselves contain no information regarding whether (or how much) your client was actually paid by the licensee.  You again asserted that fully responding to these interrogatories would be costly.  Again, we see no reason why that should be the case; your client should know, or be able to readily point you to documents showing, the amount of revenue he received for licensing the images at issue, and it doesn't require a partner at your law firm to provide this information.  Elite Daily objects to any attempt to use these basic discovery requests as an excuse to run up the expense of this litigation.

11.      Interrogatory No. 5-9:  Your responses to these interrogatories to date lack any substance.  You stated that you have further developed your damages claim in ways not reflected in your initial responses to these interrogatories, such that the responses require supplementation.  You offered to supplement these requests within 10 days.  We indicated that Elite Daily does not agree to that time period, particularly given the significant delay that has already occurred.  This information should have been provided already, and no further delay is warranted.

12.      Verification:  You offered to email your client's verification of the discovery responses "today or tomorrow."  We have not received anything.

If I have misstated your position or our conference in any respect, please advise.

**Eric M. Stahl** | Davis Wright Tremaine LLP
Admitted in Washington & California
Email: ericstahl@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/lawdir/attorneys/StahlEric.cfm

1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8148 | Fax: (206) 757-7148

865 S. Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6861 | Fax: (213) 633-6899
Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**EXHIBIT F**

IN BOOK

**What I Eat published images in the book**

**Photos by Peter J. Menzel**
**199 Kreuzer Lane**
**Napa, CA 944559**
**707.255.3528**
AUS_040203_066_xxw.jpg
AUS_040203_086_added_sky_xxw.jpg
Aus_IMG_2405_xxw.jpg
BAN_081210_024_xxw.jpg
BAN_081211_313_xxw.jpg
BAN_081211_406_xxw.jpg
BAN_081211_905_xxw.jpg
BAN_081212_040_xxw.jpg
BAN_081212_187_xxw.jpg
BAN_081212_203_xxw.jpg
BAN_081213_089_xxw.jpg
BAN_081213_157_xxw.jpg
BAN_081213_173_xxw.jpg
BAN_081214_125xxw.jpg
BAN_081214_187_xxw.jpg
BAN_081214_230_xxw.jpg
BAN_081214_259_xxw.jpg
BAN_081214_344_xxw.jpg
BAN_081214_397_B_xxw.jpg
BAN_081215_095_xxw.jpg
BAN_081215_358_xxw.jpg
BAN_081216_197_xxw.jpg
BOT_090315_085_xxw.jpg
BOT_090315_122_xxw.jpg
BRA_071106_072_xxw.jpg
BRA_071106_101_xxw.jpg
BRA_071106_168_xxw.jpg
BRA_071106_298_xxw.jpg
BRA_071107_077_xxw.jpg
BRA_071107_310_xxw.jpg
BRA_071108_109_xxw.jpg
BRA_071108_130_xxw.jpg
BRA_071108_171_xxw.jpg
BRA_071108_348_xxw.jpg
BRA_071108_503_xxw.jpg
CAN_061001_03_xxw.jpg
CAN_061003_154_xxw.jpg
CAN_061007_54_xxw.jpg
CAN_061009_103_xxw.jpg
CAN_061009_213_xxw.jpg
CAN_061009_317_xxw.jpg
CAN_080620_161_xxw.jpg
CAN_080621_491_xxw.jpg
CHA_04_CRW_8189_xxw.jpg
CHA_041114_756_xxw.jpg
CHA04_0014_xxf1rww.jpg
CHA104_0003_xxf1rww.jpg
CHA104_0004_xxf1rww.jpg
CHA104_0012_xxf1rww.jpg

CHI_060603_030_xxw.jpg
CHI_060603_067_xxw.jpg
CHI_060604_029_xxw.jpg
CHI_060604_098_xxw.jpg
CHI_060605_036_xxw.jpg
CHI_060605_080_xxw.jpg
CHI_060605_086_xxw.jpg
CHI_060606_187_xxw.jpg
CHI_060606_708_xxw.jpg
CHI_060608_128_xxw.jpg
CHI_060609_632_xxw.jpg
CHI_060609_712_xxw.jpg
CHI_060609_795_xxw.jpg
CHI_060610_901_xxw.jpg
CHI_060611_667_xxw.jpg
CHI_060611_716_NF_xxw.jpg
CHI_060613_185_xxw.jpg
CHI_060613_768_xxw.jpg
CHI_060613_789_xxw.jpg
CHI_060614_140_xxw.jpg
CHI060613.155_xxw
ECU04_0003_xxf1rww.jpg
ECU04_0005_xxf1rww.jpg
ECU04_0008_xxf1rww.jpg
ECU04_0009_xxf1rww.jpg
ECU04_0010_xxf1rww.jpg
ECU04_0011_xxf1rww.jpg
ECU04_0013_xxf1rww.jpg
ECU04_beav7294_843_xxw.jpg
ECU04_beav7825_810_xxw.jpg
ECU04_beav8236_818_xxw.jpg
ECU04_crw_5734_824_xxw.jpg
EGY_080320_025_xxw.jpg
EGY_080321_120_xxw.jpg
EGY_080321_311_xxw.jpg
EGY_080322_041_xxw.jpg
EGY_080322_065_xxw.jpg
EGY_080322_157_xxw.jpg
EGY_080324_122_xxw.jpg
EGY_080325_115_xxw.jpg
FRA04_0006_xxf1rww.jpg
GBR_050918_063_xxw.jpg
GBR_050918_065_xxw.jpg
GBR_050918_090_xxw.jpg
GBR_050918_109_xxw.jpg
GBR_050918_117_xxw.jpg
GBR_050918_202_xxw.jpg
GBR_050918_247_xxw.jpg
GBR050915_0509_xxw.jpg
GER_080313_088_xxw.jpg
GER_080313_298_xxw.jpg
GER_080313_323_xxw.jpg
GER_080314_105_xxw.jpg
GER_080315_178_xxw.jpg
GER_080315_262_xxw.jpg

*(handwritten)* C in D.C. registered on-line  PJM 10-16-10  send conf. at bottom

**MENZEL000027**

GER_080315_354_xxw.jpg
GER_080318_005_xxw.jpg
GER_080318_076_xxw.jpg
GER_080318_111_xxw.jpg
GER_080319_094_xxw.jpg
GRE_040521_001_xxw.jpg
GRE04_0008_xxf1rww.jpg
GRE04_0214_xf1brw_xxw.jpg
GRE04_0901_xf1brw_xxw.jpg
GRE04_9004_xf1brw_xxw.jpg
GRE04_9338_xf1brw_xxw.jpg
ICE_040524_109_xxw.jpg
ICE_040524_908_xxw.jpg
IDO_meb_69_cxxs_xxw.jpg
IND_040415_012_1_xxw.jpg
IND_040415_181_xxw.jpg
IND_040415_186_xxw.jpg
IND_040416_415_xxw.jpg
IND_040419_440_xxw.jpg
IND_040420_264_xxw.jpg
IND_040420_340_xxw.jpg
IND_040422_008_xxw.jpg
IND_040422_012_xxw.jpg
IND_040423_011_xxw.jpg
IND_040423_017_xx_xxw.jpg
IND_040423_017_xxw.jpg
IND_041104_5821_xxw.jpg
IND_081205_050_xxw.jpg
IND_081205_171_xxw.jpg
IND_081207_173_xxw.jpg
IND_081208_164_xxw.jpg
IND_081208_318_xxw.jpg
IND_081208_441_xxw.jpg
IRN_061209_62_xxw.jpg
IRN_061209_90_xxw.jpg
IRN_061209_173_xxw.jpg
IRN_061210_363_xxw.jpg
IRN_061211_094_xxw.jpg
IRN_061211_116_xxw.jpg
IRN_061212_193_xxw.jpg
IRN_061213_129_xxw.jpg
IRN_061215_305_xxw.jpg
IRN_061216_167_xxw.jpg
IRN_061216_213_xxw.jpg
ISR_081024_231_xxw.jpg
ISR_081026_121_xxw.jpg
ISR_081026_191_xxw.jpg
ITA_040614_075_xxw.jpg
ITA_040614_830_xxw.jpg
JAP_060531_039_xxw.jpg
JAP_060601_326_xxw.jpg
JAP_060628_089_xxw.jpg
JAP_060628_590_xxw.jpg
JAP_060628_615_xxw.jpg
JAP_060629_303_xxw.jpg

JAP_060701_151_xxw.jpg
JAP_060701_158_xxw.jpg
JAP_060703_093_2_xxw.jpg
JAP_060704_146_xxw.jpg
JAP_060704_161_xxw.jpg
JAP_060704_264_xxw.jpg
JAP_060705_022_v3_xxw.jpg
JAP06_sumocomb_0060628_623_746_xxw.jpg
JOK03_4323_xxf1bw.jpg
KEN_090225_119_xxw.jpg
KEN_090225_257_xxw.jpg
KEN_090225_388_xxw.jpg
KEN_090226_005_xxw.jpg
KEN_090226_069_xxw.jpg
KEN_090226_080_xxw.jpg
KEN_090227_021_xxw.jpg
KEN_090227_072_xxw.jpg
KEN_090227_169_xxw.jpg
KEN_090227_450_xxw.jpg
KEN_090227_488_xxw.jpg
KEN_090228_058_xxw.jpg
KEN_090301_168_xxw.jpg
KEN_090301_173_xxw.jpg
KEN_090301_369_xxw.jpg
KEN_090302_120_xxw.jpg
KEN_090302_374_xxw.jpg
LAT_081018_059_xxw.jpg
LAT_081018_061_xxw.jpg
LAT_081019_054_xxw.jpg
LAT_081019_118_xxw.jpg
LAT_081020_041_xxw.jpg
LAT_081020_188_xxw.jpg
LAT_081020_211_xxw.jpg
LAT_081020_318_xxw.jpg
LUX_070412_054_rwxxw.jpg
LUX_070412_174_xxw.jpg
MEX_080822_010_xxw.jpg
MEX_080822_077_xxw.jpg
MEX_080822_113_xxw.jpg
MEX_080822_233_xxw.jpg
MEX_080823_077_xxw.jpg
MEX_080823_311_xxw.jpg
MEX03_0430_xf1b_xxw.jpg
NAM_090304_003_xxw.jpg
NAM_090305_078_xxw.jpg
NAM_090306_322_xxw.jpg
NAM_090307_045_xxw.jpg
NAM_090307_103_xxw.jpg
NAM_090307_204_xxw.jpg
NAM_090307_245_2_xxw.jpg
NAM_090308_200_xxw.jpg
NAM_090308_438_xxw.jpg
NAM_090308_603_xxw.jpg
NAM_090308_666_xxw.jpg
NAM_090310_430_xxw.jpg

MENZEL000028

NAM_090311_031_xxw.jpg
NAM_090314_005_xxw.jpg
NAM_090316_253_xxw.jpg
NAM_090318_107_xxw.jpg
PAL_081023_015_xxw.jpg
PAL_081025_100_xxw.jpg
PAL_081025_198_xxw.jpg
PAL_081025_272_xxw.jpg
POL_031101_019xxw.jpg
RUS_081015_088_xxw.jpg
RUS_081016_047_xxw.jpg
RUS_081016_172_xxw.jpg
RUS_081016_753_xxw.jpg
s129e006795_xxw.jpg
s129e007954_xxw.jpg
s129e010623_xxw.jpg
SPA_070401_301_xxw.jpg
SPA_070402_369_xxw.jpg
SPA_070403_094_xxw.jpg
SPA_070403_300_xxw.jpg
SPA_070403_353_xxw.jpg
SPA_070624_310_xxw.jpg
SPA_070624_594_xxw.jpg
SPA_070624_810_xxw.jpg
SPA_070629_106_xxw.jpg
STS129-S-041_xxw.jpg
TAI_081226_172_xxw.jpg
TAI_081227_176_xxw.jpg
TAI_081227_537_xxw.jpg
TAI_081227_627_xxw.jpg
TAI_081228_188_xxw.jpg
TIB_060616_156_xxw.jpg
TIB_060619_217_xxw.jpg
TIB_060619_257_xxw.jpg
TIB_060621_046_xxw.jpg
TIB_060621_470_xxw.jpg
TIB_060621_584_xxw.jpg
TIB_060622_088_xxw.jpg
TIB_060624_025_xxw.jpg
TIB_060624_079_xxw.jpg
TIB_060624_179_xxw.jpg
TIB_060624_252_xxw.jpg
TIB.060623.311_xxw.jpg
USA_071002_047_xxw.jpg
USA_071002_097_xxw.jpg
USA_071018_049_xxw.jpg
USA_071018_242_xxw.jpg
USA_071018_481_xxw.jpg
USA_071019_056_xxw.jpg
USA_071019_124_xxw.jpg
USA_080210_007_xxw.jpg
USA_080214_045_xxw.jpg
USA_080215_087_xxw.jpg
USA_080424_026_xxw.jpg
USA_080424_227_xxw.jpg

USA_080427_306_xxw.jpg
USA_080427_338_xxw.jpg
USA_080428_105_xxw.jpg
USA_080428_155_xxw.jpg
USA_080429_130_xxw.jpg
USA_080430_002_xxw.jpg
USA_080524_145_xxw.jpg
USA_080524_300_xxw.jpg
USA_080527_055_xxw.jpg
USA_080528_036_xxw.jpg
USA_080529_051_xxw.jpg
USA_080602_008_xxw.jpg
USA_080602_096_xxw.jpg
USA_080602_245_xxw.jpg
USA_080602_498_xxw.jpg
USA_080623_415_xxw.jpg
USA_080630_074_xxw.jpg
USA_080702_114_xxw.jpg
USA_080702_614_xxw.jpg
USA_080716_149_xxw.jpg
USA_080717_049_xxw.jpg
USA_080717_190_xxw.jpg
USA_080717_340_xxw.jpg
USA_080717_360_xxw.jpg
USA_080717_404_xxw.jpg
USA_080730_020_xxw.jpg
USA_080909_229_crop_xxw.jpg
USA_080910_058_xxw.jpg
USA_080910_229_xxw.jpg
USA_080910_451_xxw.jpg
USA_080911_123_xxw.jpg
USA_080913_115_xxw.jpg
USA_080914_147_xxw.jpg
USA_080915_168_xxw.jpg
USA_080915_269_xxw.jpg
USA_080915_275_xxw.jpg
USA_080915_281_xxw.jpg
USA_080915_305_xxw.jpg
USA_080915_670_xxw.jpg
USA_080917_110_xxw.jpg
USA_080917_195_xxw.jpg
USA_080920_075_xxw.jpg
USA_080920_341_xxw.jpg
USA_080925_048_xxw.jpg
USA_080926_050_xxw.jpg
USA_080926_573_xxw.jpg
USA_080927_203_xxw.jpg
USA_080930_085_xxw.jpg
USA_081001_171_xxw.jpg
USA_081001_284_xxw.jpg
USA_081001_414_BC_no_drop_xxw.jpg
USA_081002_253_xxw.jpg
USA_081002_305_xxw.jpg
USA_081002_370_xxw.jpg
USA_081003_153_xxw.jpg

MENZEL000029

USA_081004_170_xxw.jpg
USA_090816_083_xxw.jpg
USA_090917_010_xxw.jpg
USA_090917_105_xxw.jpg
USA_100130_36_xxw.jpg
USA_GoFish_060809_500_rw_xxw.jpg
USA_ny_081011_303_xxw.jpg
USA_ny_081011_317_xxw.jpg
USA_ny_081011_407_xxw.jpg
USA_NY_081012_475_xxw.jpg
USA_VA_040308_020_xxw.jpg
USA_VA_040309_091_xxw.jpg
UStx04_4058_xxf1bw.jpg
VEN_071029_205_xxw.jpg
VEN_071031_229_xxw.jpg
VEN_071031_240_2_xxw.jpg
VEN_071031_473_xx w.jpg
VEN_071102_374_xxw.jpg
VEN_071102_430_xxw.jpg
VIE_081219_312_crop_xxw.jpg
VIE_081220_273_xxw.jpg
VIE_081220_322_xxw.jpg
VIE_081220_513_xxw.jpg
VIE_081221_184_xxw.jpg
VIE_081221_237_xxw.jpg
VIE_081221_264_xxw.jpg
VIE_081222_320_xxw.jpg
VIE_081222_401_xxw.jpg
YEM_080327_026_xxw.jpg
YEM_080327_088_xxw.jpg
YEM_080328_332_xxw.jpg
YEM_080329_127_xxw.jpg
YEM_080329_165_xxw.jpg
YEM_080329_294_xxw.jpg
YEM_080330_253_xxw.jpg
YEM_080330_466_xxw.jpg
YEM_080401_156_xxw.jpg
YEM_080404_290_xxw.jpg
YEM_080404_440_xxw.jpg

Transaction Type: Sale
Transaction Amount: $35.00
Billing Address: 199 Kreuzer Lane
City: Napa
State/Province: CA
Country: USA
Card Type: Visa
Card Number: ************9122
Transaction Date: Oct 15, 2010 8:51:48 PM

HIS IS AN AUTOMATED MESSAGE.  PLEASE
DO NOT REPLY.

Your transaction has been successfully
completed.

Transaction Summary

Application Name: Copyright Fee Services
Pay.gov Tracking ID: 251MLNUV
Agency Tracking ID: 1-8BAOGK

Account Holder Name: Peter J. Menzel

MENZEL000030

# EXHIBIT G

# Exhibit G
# Filed Under Seal